[S. F. No. 7244. In Bank.—September 21, 1915.]

GREAT WESTERN POWER COMPANY, Petitioner, v. A.
J. PILLSBURY et al., Members of the Industrial Acci-
dent Commission, Respondents.

WORKMEN'S COMPENSATION ACT—BLOOD POISONING FOLLOWING ABRA-
SION OF SKIN—PROXIMATE CAUSE OF INJURIES.—Blood poisoning
resulting from a germ infection which entered the body of an
employee through an abrasion of the skin accidentally suffered by
him in the course of his employment, is an injury of which the
accident was the proximate cause, within the meaning of the Work-
men's Compensation Act.

APPLICATION originally made to the Supreme Court of
State of California for a Writ of Review against the indus-
trial accident commission.

The facts are stated in the opinion of the court.

Guy C. Earl, and W. H. Spaulding, for Petitioner.

Christopher M. Bradley, for Respondents.

SHAW, J.—This is an original application to this court,
under section 84 of the Workmen's Compensation Act, to re-
view the award of the industrial accident commission direct-
ing the petitioner to pay to one Ernest Dreyer the sum of
$78.97, and the further sum of $9.37 each week beginning
September 17, 1914, until the termination of the disability.

Dreyer was injured while in the employment of the peti-
tioner and in the course of said employment. The only point
made against the award is the claim that the accident was
not the proximate cause of the disability for which the award
was made.

Dreyer was engaged in shaving and painting poles for the
petitioner. On July 1, 1914, while at work, he accidentally
caught his left hand between one of the poles and another
piece of timber thereby bruising the flesh and knocking a
small piece of skin off the back of the hand. For the next
two days, July 2d and July 3d, he continued his work, but
used the other hand only. On the third day the injured hand
began to pain him severely. The 4th came on Saturday and

no work was carried on. On Monday he was unable to work because of the condition of the hand and the severe pain therein. Inflammation and suppuration set in, the same being produced by poisonous germs entering the flesh through the break in the skin caused by the accident. It was, of course, impossible to ascertain the source of these germs or when they gained entrance, but the time that elapsed between the abrasion and the beginning of the severe pain which developed into the suppuration was the usual period of infection of the variety styled by the physician as *staphylococci*. This, it appears, is the scientific name of one form of the disease commonly termed blood poisoning by the uninitiated. The disability for which the award was made was caused by this inflammation and suppuration.

We perceive no merit in the claim that this disability was not proximately caused by the injury and abrasion of the skin. Such results do ensue from such abrasions, and they are brought about by the operation of what are ordinarily considered natural forces, that is, by the intervention of infectious germs usually, or at least frequently, present in the air or on the surface of substances with which any person may come in contact, and which are invisible to the eye and imperceptible to the senses. The accident was the proximate cause of the injury within the definition of the term "proximate cause" as elaborately stated by Justice Henshaw in *Merrill* v. *Los Angeles etc. Co.*, 158 Cal. 503, [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534]. We need not here repeat the definition or the discussion of the subject given in that opinion. It follows that the award of the commission must be affirmed.

It is, therefore, adjudged that the award of the industrial accident commission herein be affirmed.

Sloss, J., Melvin, J., Lorigan, J., Lawlor, J., and Angellotti, C. J., concurred.

Rehearing denied.