[Civ. No. 2460. Second Appellate District, Division One.—November 15, 1919.]

## MARY MARTON, Respondent, v. J. L. JONES, Appellant.

[1] PLEADING—ACTION FOR DAMAGES FOR PERSONAL INJURIES—AMENDMENT OF COMPLAINT—CORRECTION OF NAME OF PLAINTIFF.—In an action for damages for personal injuries there is no abuse of discretion on the part of the court in permitting the plaintiff to file an amendment to her complaint, substituting for the name "Mary Neff," as plaintiff in the title of the original complaint, that of "Mary Marton," which is her true name.

[2] ID.—MARRIED WOMAN LIVING SEPARATE FROM HUSBAND—RIGHT TO SUE ALONE — IMMATERIAL FINDING. — In such action a finding that plaintiff was the wife of a given person, from whom, by reason of his deserting her, she was living separate and apart, though not within the issues and without support of evidence, is immaterial and without prejudice. Under the provisions of section 370 of the Code of Civil Procedure, a married woman, though living with her husband, is entitled to sue for damages due to personal injuries sustained, without joining her husband as plaintiff.

[3] NEGLIGENCE—MAINTENANCE OF FENCE CONTRARY TO ORDINANCE—INJURY TO PEDESTRIAN—FALL CAUSED BY PEBBLE ON SIDEWALK—PROXIMATE CAUSE OF INJURY.—The fact that plaintiff would not have been injured but for the existence upon the sidewalk of a pebble which caused her to fall, striking a sharp-pointed projection of a barbed-wire fence constructed by defendant around his premises, contrary to a city ordinance, would not relieve defendant from liability where the consequence ought to have been anticipated as a probable result of his negligent act.

---

3. Proximate cause and intervening condition, note, 1 **Ann. Cas.** 230.

[4] ID.—PRESENCE OF FOREIGN SUBSTANCES UPON SIDEWALK — DUTY
OF DEFENDANT TO ANTICIPATE CONSEQUENCES.—To find fruit peel,
leaves and twigs from overhanging trees, pebbles, and other
foreign substances upon sidewalks is a matter of common expe-
rience, and that such a condition might cause a pedestrian to
slip or fall, in which event he probably would be injured by the
barbed-wire fence constructed adjoining the sidewalk, contrary
to the city ordinance, was a consequence which defendant should
have anticipated as likely to result from his negligent act.

APPEAL from a judgment of the Superior Court of Los
Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph P. Sproul, Lewis D. Collins, Charles E. Barrett
and Leonard G. Husar for Appellant.

Paul M. Nash for Respondent.

SHAW, J.—At the times in question defendant main-
tained around his premises and adjoining the sidewalk a
fence constructed in part of barbed wire, contrary to a city
ordinance of the city of Los Angeles. Plaintiff, while in
the exercise of due care, was walking along the sidewalk
and stepped upon a pebble thereon, which caused her to fall,
and, in falling, threw her hand out, striking a sharp-pointed
projection of the barbed wire so maintained as a part of the
fence, as a result of which she received injuries for which,
in this action, judgment was rendered in her favor, and
from which defendant has appealed on the judgment-roll.

[1] There was no abuse of discretion on the part of the
court in permitting plaintiff to file an amendment to her
complaint, substituting for the name "Mary Neff," as plain-
tiff in the title of the original complaint, that of Mary
Marton, which was her true name. (*McDonald* v. *Swett,*
76 Cal. 257, [18 Pac. 324].) In no event could defendant
have suffered any prejudice by the ruling. (Code Civ. Proc.,
sec. 475.)

[2] While not alleged in the complaint, the court found
that plaintiff was the wife of J. D. Marton, from whom, by
reason of his deserting her, she was living separate and
apart. Complaint is made that such finding is not within
the issues and without support of evidence. Conceding this

contention well founded, nevertheless the finding is imma-
terial and without prejudice, for the reason that, under
the provisions of section 370 of the Code of Civil Proce-
dure, plaintiff, though married and living with her husband,
was entitled to sue for damages due to personal injuries
sustained, without joining her husband as plaintiff.

[3] Appellant's chief contention is that the conceded
negligence of defendant in maintaining the barbed-wire fence
on his premises in proximity to the sidewalk in violation
of the ordinance (*Orcutt* v. *Pacific etc. Ry. Co.*, 85 Cal.
291, [24 Pac. 661]) was not the proximate cause of plain-
tiff's injury. This contention is based upon the assertion
that she would not have come in contact with the barbed
wire if she had not fallen, and she would not have fallen
but for the pebble on the sidewalk upon which she stepped;
therefore, it is argued, the pebble and not defendant's negli-
gent act was the proximate cause of her injury.

While the existence of the pebble on the sidewalk was an
intervening contributing cause of the injury, nevertheless
such fact should not exempt defendant from liability, if, ac-
cording to the usual experience of mankind, the consequence
ought to have been anticipated as a probable result of his
negligent act. As said in *Lane* v. *Atlantic Works*, 111 Mass.
136: "The act of a third person, intervening and contributing
a condition necessary to the injurious effect of the original
negligence, will not excuse the first wrongdoer, if such act
ought to have been foreseen." To the same effect is *Roots
Co.* v. *Meeker*, 165 Ind. 132, [73 N. E. 253]. Hence the
negligence predicated upon the agency responsible for the
existence of the pebble upon the sidewalk cannot relieve de-
fendant from liability for the injury sustained by plaintiff,
unless it appears so remote and disconnected in time and
nature that it can be said the damage occasioned was in
no way a natural or probable consequence of his wrongful
act in maintaining the unlawful fence. (*Merrill* v. *Los
Angeles Gas etc. Co.*, 158 Cal. 499, [139 Am. St. Rep. 134,
31 L. R. A. (N. S.) 559, 111 Pac. 534].) [4] To find fruit
peel, leaves and twigs from overhanging trees, pebbles, and
other foreign substances upon sidewalks is a matter of com-
mon experience, and that such a condition might cause a
pedestrian to slip or fall, in which event he probably would
be injured by the barbed wire, was a consequence which

defendant should have anticipated as likely to result from his negligent act.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.