[Civ. No. 2983. Third Appellate District—September 1, 1925.]

GENEVA CARROLL, Appellant, v. CENTRAL COUNTIES GAS COMPANY (a Corporation), Respondent.

[1] NEGLIGENCE—MAINTENANCE OF GAS PIPE-LINE ALONG HIGHWAY—CARE REQUIRED.—In the construction and maintenance of a pipeline along and upon a public highway, a gas company is under obligation to exercise such care as a reasonably careful and prudent person, having in view the dangers to be avoided and the likelihood of injury therefrom, would exercise, under the circumstances, in order to prevent injury. Where death may be caused by an agency lawfully in use, ordinary care requires that every means known, or that with reasonable inquiry would be known, must be used to prevent it.

[2] ID.—OMISSION TO ANTICIPATE INJURY—LIABILITY FOR INJURY.—If the negligent act or omission is one which a person ought, in the exercise of ordinary care, to have anticipated was likely to result in injury to others, he is liable for any injury proximately resulting therefrom, although he might not have foreseen the particular injury which did happen.

[3] ID.—MAINTENANCE OF PIPE-LINE NEAR BRIDGE—INSUFFICIENT SUPPORT—DUTY TO TRAVELING PUBLIC.—In this action for damages for

---

1. See 19 Cal. Jur. 580; 12 R. C. L. 905.
2. See 19 Cal. Jur. 563; 12 R. C. L. 913.

personal injuries sustained while plaintiff was riding in an auto-
mobile which, in avoiding an automobile approaching from the
opposite direction, fell from a bridge, striking and breaking a
pipe-line constructed and maintained by defendant gas company,
permitting the gas to escape therefrom and causing the gas to
become ignited, thereby burning and injuring and permanently
disfiguring plaintiff, it could not be said, as a matter of law, that
it was not negligence to maintain a three-inch pipe across a
ravine or creek, parallel to a wooden bridge, at a distance of about
five feet therefrom, and two feet or thereabouts below the level of
the floor of the bridge, with no support, except the strength of
the pipe itself, for a distance of fifty-four feet, or that de-
fendant could not reasonably have foreseen the likelihood of
danger therefrom to persons lawfully using the highway; neither
could it be said, as a matter of law, that defendant did not owe
it as a duty to the traveling public to carry its pipe-line under
the bed of the stream, or in some other secure position, rather
than through the open air near the floor of the bridge.

[4] ID.—TRUTH OF PLEADING—DEMURRER—ISSUES—EVIDENCE.—In such
action, plaintiff having alleged that it was negligence to maintain
the pipe in the position stated in the complaint, the truth of that
allegation could not be raised by demurrer, but was a question
of fact which, if controverted, had to be determined from the
evidence produced at the trial.

[5] ID.—INFERENCE OF NEGLIGENCE—PROVINCE OF COURT AND JURY—
EVIDENCE.—Whether negligence can be inferred from the evi-
dence is for the determination of the court, but whether it ought
to be inferred is a question for the jury; and this rule applies
where the facts are undisputed, as well as where the evidence is
conflicting, if conflicting inferences can reasonably be drawn there-
from.

[6] ID.—CONTINUOUS NEGLIGENCE—PROXIMATE CAUSE OF INJURY.—In
such action, defendant's negligence was continuous in its nature,
existent at all times up to the moment of the injury, and there
was no merit in the contention that, conceding that defendant was
guilty of negligence in the maintenance of the pipe-line, such
negligence was not the proximate cause of the alleged injury to
plaintiff, but that the act of the automobilist who was approach-
ing from the opposite direction and who forced the car in which
plaintiff was riding off the road was the proximate cause of the
injury to plaintiff.

---

3. See 19 Cal. Jur. 720.
5. See 19 Cal. Jur. 724.
6. See 19 Cal. Jur. 568; 22 R. C. L. 134.

[7] ID.—NEGLIGENCE OF OTHER PERSON—PRESUMPTION.—In such action, it did not appear from the complaint that the automobilist who forced the car in which plaintiff was riding off the road was guilty of either negligence or a violation of the law; but if such facts did appear, defendant was not entitled to rely upon the legal presumption that all men will obey the law and will refrain from trespass and injury to the property of their fellows, where defendant was itself negligent.

---

(1) 28 C. J., p. 591, n. 42, 49, 51; 29 Cyc., p. 427, n. 73, p. 428, n. 77.   (2) 28 C. J., p. 597, n. 22, 23; 29 Cyc., p. 494, n. 58, p. 495, n. 64, 66.   (3) 28 C. J., p. 602, n. 28.   (4) 28 C. J., p. 602, n. 28.   (5) 28 C. J., p. 603, n. 29; 29 Cyc., p. 629, n. 45, p. 630, n. 47, p. 632, n. 57.   (6) 28 C. J., p. 596, n. 13, p. 597, n. 18; 29 Cyc., p. 497, n. 75, p. 499, n. 92.   (7) 28 C. J., p. 590, n. 36 New.

APPEAL from a judgment of the Superior Court of Tulare County.   J. A. Allen, Judge.   Reversed.

The facts are stated in the opinion of the court.

G. L. Aynesworth and L. N. Barber for Appellant.

Power & McFadzean for Respondent.

FINCH, P. J.—The defendant's demurrer to the complaint herein was sustained without leave to amend and judgment was thereupon entered in favor of defendant. Plaintiff has appealed from the judgment. The third and fourth paragraphs of the complaint read as follows:

"That at all times herein mentioned defendant was and still is engaged in the production and distribution of artificial gas for illuminating, heating and other purposes in the County of Tulare, State of California; that for the purpose of distributing said gas defendant at all times herein mentioned maintained and still maintains along and upon that certain public highway in the County of Tulare, known as the Visalia-Exeter highway, a certain pipe line in which defendant at all times maintained and still maintains such gas at a pressure of more than one hundred (100) pounds to the square inch.   That at the point where the said highway crosses that certain creek or ravine known as Deep Creek

---

7.   See 19 Cal. Jur. 596.

a wooden bridge over said creek or ravine has been constructed, and at all times herein mentioned was and still is maintained as a part of the said public highway. That at all times herein mentioned the said bridge was and still is guarded on either side only by a light wooden railing. That at said point the said defendant laid and constructed and at all times herein mentioned maintained and still maintains its pipe line carelessly and negligently in the following particulars, to-wit: That the said pipe line consisted and still consists of a three (3) inch steel pipe enclosed within a six (6) inch steel casing; that the said pipe and casing were and still are suspended over and across the bed of said Deep Creek upon two (2) concrete piers constructed at either side of the bed of said creek and separated by a distance of fifty-four (54) feet or thereabouts, without any intermediate support; that said pipe line was constructed and was and still is maintained in a position parallel to said bridge and at a distance of approximately five (5) feet to the north thereof and two (2) feet or thereabouts below the level of the floor of said bridge, and six (6) feet and four inches or thereabouts above the bed of said creek; that defendant carelessly and negligently permitted the said casing to become broken at a point between the said piers and at all times to remain in that condition, so that it afforded no protection or support to the said pipe line.

"That on or about the 10th day of December, 1923, plaintiff was riding as a guest in a certain automobile upon and along said public highway, approaching said bridge in a westerly direction; that there is a pavement of sixteen (16) feet or thereabouts in width approximately in the center of the said highway with earthen shoulders on either side; that in approaching the said bridge the driver of the said automobile was forced to turn the right wheels of said automobile off the said pavement to avoid a collision with an approaching automobile from the opposite direction; that when he attempted to return thereto and enter upon said bridge said automobile was, without any fault of said driver, deflected from its course so that it went through the railing and fell from the said bridge; that as a consequence of the careless and negligent construction and maintenance of said pipe line of said defendant as hereinbefore stated said automobile in so falling struck said pipe-line and broke the

same, permitting the gas to escape therefrom and caused the escaping gas to become ignited, thereby seriously burning and injuring, and permanently disfiguring plaintiff to her damage in the sum of Fifty Thousand Dollars ($50,000)."

The demurrer is both general and special. It will be sufficient to consider the grounds of demurrer urged in respondent's brief.

[1] The defendant was under obligation to exercise ordinary care in the construction and maintenance of its pipeline to prevent the escape of gas therefrom. "This means such care as a reasonably careful and prudent person, having in view the dangers to be avoided and the likelihood of injury therefrom, would exercise, under the circumstances, in order to prevent injury. Where death may be caused by an agency lawfully in use, ordinary care requires that every means known, or that with reasonable inquiry would be known, must be used to prevent it." (*Fairbairn* v. *American River Electric Co.*, 170 Cal. 115, 118 [148 Pac. 788, 789], 179 Cal. 157, 160 [175 Pac. 637]; 12 R. C. L. 905; 28 C. J. 591; *McWilliams* v. *Kentucky Heating Co.*, 166 Ky. 26 [L. R. A. 1916A, 1224, 179 S. W. 24].) [2] Respondent does not contend that its obligation was other than as stated, but urges that it was not required to "anticipate the chain of events which led up to the accident." If this contention be conceded it is not sufficient to acquit the defendant of liability. "If the negligent act or omission is one which the company ought, in the exercise of ordinary care, to have anticipated was likely to result in injury to others, then it is liable for any injury proximately resulting therefrom, although it might not have foreseen the particular injury which did happen." (12 R. C. L. 913.) [3] Considering the dangerous character of the agency which was being conducted through the pipe-line, it cannot be said, as a matter of law, that it was not negligence to maintain the three-inch pipe in the position alleged, with no support, except the strength of the pipe itself, for a distance of fifty-four feet, or that the defendant could not reasonably have foreseen the likelihood of danger therefrom to persons lawfully using the highway. It cannot be said, as a matter of law, that the defendant did not owe it as a duty to the traveling public to carry its pipe-line under the bed of the stream, or in some other secure position, rather than through the open air near

the floor of the bridge. It is clear that the danger of injury to others would have been lessened by placing the pipe underground. **[4]** Plaintiff alleges that it was negligence to maintain the pipe in the position stated in the complaint, and whether or not this allegation is true cannot be raised by demurrer, but is a question of fact which, if controverted, must be determined from the evidence to be produced at the trial. (*Stewart* v. *San Joaquin L. & P. Corp.*, 44 Cal. App. 202 [186 Pac. 160]; *McWilliams* v. *Kentucky Heating Co.*, *supra*.) **[5]** "Whether negligence *can* be inferred from the evidence is for the determination of the court, but whether it ought to be inferred is a question for the jury." (*Pacheco* v. *Judson Mfg. Co.*, 113 Cal. 541, 545 [45 Pac. 833, 834].) This rule applies where the facts are undisputed, as well as where the evidence is conflicting, if conflicting inferences can reasonably be drawn therefrom (*Jansson* v. *National Steamship Co.*, 189 Cal. 187, 192 [208 Pac. 90]).

**[6]** Respondent contends that, if it be conceded that it was guilty of negligence in the maintenance of its pipe-line, such negligence was not the proximate cause of the alleged injury, but that "the act of the automobilist who forced the car in which plaintiff was riding off the road was the proximate cause of the injury." The defendant's negligence, however, was continuous in its nature, existent at all times up to the moment of the injury. Under a state of facts not distinguishable in legal effect from those here involved, it is said: "The independent wrongful act, to constitute the proximate cause by displacing the original primary cause, must be so disconnected in time and nature as to make it plain that the damage occasioned was in no way a natural or probable consequence of the original wrongful act or omission. . . . The original act of negligence, the primary causation, may be in its nature so continuous that the concurrent wrongful act precipitating the disaster will in law be regarded not as independent, but as conjoining with the original act to create the disastrous result." (*Merrill* v. *Los Angeles Gas & Elec. Co.*, 158 Cal. 499, 504 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534]; *Great Western Power Co.* v. *Pillsbury*, 171 Cal. 69, 70 [L. R. A. 1916A, 281, 151 Pac. 1136]; *Marton* v. *Jones,* 44 Cal. App. 299, 301 [186 Pac. 410]; *Keiper* v. *Pacific Gas & Electric Co.*, 36 Cal. App. 362, 368 [172 Pac. 180];

*Parkin* v. *Grayson-Owen Co.,* 25 Cal. App. 269, 281 [143 Pac. 257]; *O'Connell* v. *United Railroads,* 19 Cal. App. 36, 64 [124 Pac. 1022]; *Lininger* v. *San Francisco etc. R. R. Co.,* 18 Cal. App. 411, 420 [123 Pac. 235]; *McWilliams* v. *Kentucky Heating Co., supra.*)

[7] Respondent argues that "the driver of the automobile which forced the machine in which plaintiff was riding off the pavement, was guilty of a violation of the Motor Vehicle Act (Stats. 1913, p. 639). . . . Since the act of this offending automobilist was a violation of the law and a trespass upon the rights of the plaintiff and those of her driver, the defendant could not foresee or reasonably anticipate them. . . . The legal presumption is that all men will obey the law and will refrain from trespass and injury to the property and person of their fellows." It does not appear from the complaint whether such driver was guilty of either negligence or a violation of the law. If such facts did so appear, respondent's statement of the rule applicable thereto omits the important qualification that the person relying upon the rule must not himself be negligent. In 19 California Jurisprudence, 596, the rule is stated as follows: "One who is himself not negligent is entitled to rely upon the presumption that others will exercise due care, so that it is not negligence to fail to anticipate danger which can come only from a violation of law or duty upon the part of another. . . . But reliance upon this presumption does not excuse one who is himself negligent." It cannot be said, as a necessary inference from the facts alleged, that the danger to be anticipated could "come only from a violation of law or duty upon the part of another," but such danger might come from a variety of purely accidental causes.

The judgment is reversed with direction to the trial court to overrule the demurrer.

Hart, J., and Plummer, J., concurred.