[Civ. No. 3666. Third Appellate District.—January 7, 1929.]

GENEVA CARROLL, a Minor, etc., Appellant, v. CENTRAL COUNTIES GAS COMPANY (a Corporation), Respondent.

[Civ. No. 3667. Third Appellate District.—January 7, 1929.]

R. P. CARROLL, Appellant, v. CENTRAL COUNTIES GAS COMPANY (a Corporation), Respondent.

162

E. J. Emmons and G. L. Aynesworth for Appellants.

O'Melveny, Millikin & Tuller, Power & McFadzean, John A. Powell, Pierce Works, O'Melveny, Tuller & Myers and Louis W. Myers, for Respondent.

JAMISON, J., *pro tem.*—By stipulation the above two cases were tried together, the evidence offered and proceedings had in said trial applying to each of them, except the evidence as to the measure of damages.

These actions were brought by appellant, Geneva Carroll, for injuries sustained by her, and by R. P. Carroll, for the death of his daughter Belva Carroll, as they allege in their complaints, when the automobile in which the two women were riding as guests ran off of a bridge and fell upon a gas-pipe owned and operated by respondent, causing the pipe to crack or break and the gas flowing therein to escape therefrom, and become ignited and inflict serious burns upon the hands, face, and body of appellant, Geneva Carroll, and to so seriously burn the said Belva Carroll as to cause her death. The sole ground upon which appellants claim the respondent was guilty of negligence was that the pipe-line, at the point where the accident occurred, was constructed, maintained, and operated in a negligent manner by respondent. Respondent denied the negligence, and set up contributory negligence on the part of appellants. The jury returned a verdict for respondent. Appellants filed motions for new trials; same were denied and judgment in each case rendered in favor of defendants. Appellants appealed from the orders denying new trials and from the judgments.

The evidence on the part of appellants was to the effect that on the evening of December 10, 1926, four young boys and girls, among whom were appellant, Geneva Carroll, and deceased, Belva Carroll, were traveling in an automobile from Exeter to Visalia; one of the boys, John Ingram, was driving; that as the automobile approached the bridge, and while some seventy or eighty feet from its west end, they met a car, and Ingram swerved to the side of the road to let it pass; that the right-hand wheels of his automobile went off of the paved part of the road and ran that way for

some distance before he could get them back on the paved part of the road; that when some twenty or thirty feet from the west end of the bridge he succeeded in getting the two right wheels upon the paved part of the road, but in doing so the automobile swerved to the left side of the road; that he turned the automobile to the right again, and it struck the north side of the bridge, broke through a wooden railing, and fell upon and broke the gas-pipe and landed on top of the broken gas-pipe in the bed of the creek; that the injuries to all of the occupants of the automobile, and the deaths of three of them, were caused by burns from the flame of the ignited gas that came from the broken gas-pipe. Defendant produced evidence to the effect that none of the wheels of the automobile left the paved part of the highway in approaching the bridge, and that the gas did not ignite; that the gas-pipe was not broken or cracked, so as to permit gas to escape therefrom, except at the east end of the bridge, and that the fire that burned the occupants of the car was not caused by burning gas.

Appellant, R. P. Carroll, contends that the court erred in refusing to permit him to show the attitude of his deceased daughter Belva to him.

It is well settled that damages may be alleged for the pecuniary loss following the deprivation of society, comfort, and protection of a deceased child. (*Rocca* v. *Tuolumne County Electric Light & Power Co*, 76 Cal. App. 569 [245 Pac. 468]; *Griffey* v. *Pacific Electric Ry. Co.*, 58 Cal. App. 509 [209 Pac. 45]; *Parsons* v. *Easton*, 184 Cal. 764 [195 Pac. 419]; *Beeson* v. *Green Mountain G. M. Co.*, 57 Cal. 38.) For the purpose of showing such loss, it would be material and proper to permit the introduction of testimony indicating the attitude of deceased toward her father and the relations, affectionate or otherwise, that existed between them. However, the court did permit appellant R. P. Carroll to offer testimony to the effect that his daughter Belva was industrious and affectionate, and that she at times earned money and always turned it over to her father.

In view of the fact that there is no question of excessive or insufficient damages before the court, we do not believe that the action of the court in excluding further evidence of the attitude of Belva toward her father resulted in any prejudice to appellant, R. P. Carroll.

■ The next contention of appellants is that certain evidence was improperly admitted by the court. Three witnesses were produced by respondent who, after qualifying as mechanical and constructive engineers, and stating that they were familiar with the crossing at Deep Creek where the accident occurred, were each asked the following question by respondent attorney: "Q. I'll ask you to state whether or not the method in which this line was constructed and in which it crossed Deep Creek at the point where this accident occurred, was in accordance with recognized and established engineering practice and general custom prevailing throughout the United States in similar lines and crossing similar streams?" To which question appellants' attorney objected upon the ground that the question was incompetent, irrelevant, and immaterial. The court overruled the objection and each of the witnesses answered that it was. The uncontradicted evidence was that the pipe-line extended across the creek from buttress to buttress a distance of fifty-four feet; that it was five feet from the north side of the bridge and one foot lower than the floor of the bridge, and about six feet above the bed of the creek; that the gas-pipe was a three-inch steel pipe and carried a pressure of from sixty to eighty pounds; that the gas-pipe was inclosed within a seven-inch casing, the casing being disconnected at the ends, and was placed around the gas-pipe only for the purpose of protecting it from the weather and to prevent the heat of the sun from expanding it; that there were no supports to said gas-pipe other than the buttresses at each side of the creek, and that along the sides of the bridge was a wooden railing about thirty inches high composed of two by four timbers. It was upon these facts that appellants founded their claims that respondent was guilty of negligence. The question as framed was objectionable in that it coupled with the inquiry regarding the recognized and established engineering practice, the general custom prevailing throughout the United States in similar lines and crossings of similar streams. ■ Where no contractual relations exist, and where there is no assumption of the risk, as in the case where the relation of master and servant is concerned, the specific practice of others cannot be admitted in testimony as an excuse for the alleged negligent act of the defendant. (*Phoenix Assur. Co., Ltd., of London et al.* v. *Texas Holding Co.*, 81 Cal. App. 61 [252 Pac. 1082].) The standard of care

required of persons under given circumstances is not to be established by proof that others have been in the habit of acting in a certain manner. (*Rudd* v. *Byrnes*, 156 Cal. 636 [20 Ann. Cas. 124, 26 L. R. A. (N. S.) 134, 105 Pac. 957].)

▪ The more serious matters calling for the consideration of the court upon this appeal are the two instructions given by the trial court at the request of respondent and referred to by appellants in their brief as instructions "A" and "B." Respondent's instructions were not numbered. The instructions referred to as "A" and "B" are as follows: (A) "Even though you find defendant was negligent, still if you find that the injury complained of would not have resulted except for the independent negligent act of the owner of the automobile, then I instruct you that such independent act breaks the chain of causation and that your verdict must be in favor of the defendant." (B) "The law considers only the direct cause and not the remote cause of an event. Ordinarily, even where one is negligent, but where no injury results except through the independent act of a third person, the first party is not liable for such injuries. The first party is only liable if he ought reasonably to have foreseen the occurrence of such independent act, and to have guarded against it. In the case at bar, if you find the defendant was not negligent in maintaining its gas pipe, then your verdict must be for the defendant. If, however, you should find that defendant was negligent, still the act of the owner of the car was an independent act of a third person, and you cannot find defendant liable for resulting injuries, unless you also find that defendant, in the exercise of ordinary care, ought reasonably to have anticipated the occurrence of such independent act and have provided against it." In effect, these two instructions virtually directed a verdict for the respondent.

We think the court erred in instructing the jury as it did by said instructions "A" and "B," that the act of the driver of the automobile was an independent act of a third person. In the case of *Carroll* v. *Central Counties Gas Co.*, 74 Cal. App. 303 [240 Pac. 53], Finch, P. J., delivered the opinion of the court and collated therein many of the decisions of this state bearing upon this question. Relative to the independent act of a third person operating to relieve a defendant from the consequences of his own negligent act,

the court said: "Respondent contends that, if it be conceded that it was guilty of negligence in the maintenance of its pipe line, such negligence was not the proximate cause of the alleged injury, but that the act of the automobilist who forced the car in which plaintiff was riding, off the road, was the proximate cause of the injury. The defendant's negligence, however, was continuous in its nature, existent at all times up to the moment of the injury. Under a state of facts not distinguishable in legal effect from those here involved, it is said: 'The independent wrongful act, to constitute the proximate cause by displacing the original primary cause, must be so disconnected in time and nature as to make it plain that the damage occasioned was in no way a natural or probable consequence of the original wrongful act or omission. . . . The original act of negligence, the primary causation, may be in its nature so continuous that the concurrent wrongful act precipitating the disaster will in law be regarded not as independent, but as conjoining with the original act to create a disastrous result.' " (*Merrill* v. *Los Angeles Gas Co.*, 158 Cal. 499 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534]; *Marton* v. *Jones*, 44 Cal. App. 299 [186 Pac. 410]; *Parkin* v. *Grayson-Owen Co.*, 25 Cal. App. 269 [143 Pac. 257].) ■ Even if the negligent act is succeeded by a disconnected act of negligence of another person, and which results in injury to a third person, if the original negligence was such that in the ordinary and natural course of events, the second negligent act should have been anticipated as reasonably likely to happen, the proximate cause of the injury may be laid in the first negligent act. (*Sawyer* v. *Hooper*, 79 Cal. App. 395 [249 Pac. 530]; *Feeney* v. *Standard Oil Co.*, 58 Cal. App. 587 [209 Pac. 85]; 12 R. C. L. 913.)

■ If respondent did in fact maintain its gas pipe-line in such close proximity to the bridge as to endanger the lives or safety of the public traveling thereon, then such maintenance was a continuing negligence and under these circumstances respondent would be charged with the duty of anticipating the natural and ordinary consequences of its negligence. (*Hale* v. *Pacific Tel. & Tel. Co.*, 42 Cal. App. 55 [182 Pac. 280].) The question of whether or not the act of the driver of the automobile was the independent act of a third person was a question of fact for the jury. There is

no evidence in this case that warranted the trial court in determining as a matter of law that the act of the driver of the automobile was the independent act of a third party. By so declaring in these two instructions the court invaded the province of the jury.

This court is of the opinion that the aforesaid errors seriously prejudiced the substantial rights of the appellants. There is a sharp conflict in the evidence upon material matters, and this court cannot say that the jury was not influenced in rendering its verdict for respondent by reason of said errors. Therefore, the provisions of section 4½ of article VI of the constitution cannot be invoked for the purpose of upholding the said judgments.

■ . As it will be necessary to have a retrial of these cases, the court suggests that inasmuch as no facts are set forth in the complaint calling for punitive or exemplary damages, and no evidence offered under any such claim by appellants, the instruction regarding exemplary damages should not have been given. The motion for a new trial should have been granted.

The orders denying motions for new trials and the judgments are reversed.

Hart, Acting P. J., and Plummer, J., concurred.

A petition for a rehearing of these causes was denied by the district court of appeal on February 6, 1929, and the following opinion then rendered thereon:

THE COURT.—Respondent filed a petition for rehearing in each of the above cases. The principal ground set forth in said petitions for a rehearing is, that the jury, by its answer to interrogatory No. 2, submitted by the court, at the request of respondent, established the contributory negligence of appellants, and such negligence being so established, a judgment for respondent was the only one that could be rendered, and, therefore, the alleged errors of the trial court could not have been prejudicial.

Interrogatory No. 2 is as follows: "Were the persons who were riding in the automobile at the time of the accident exercising due care and caution for their own safety?"

This interrogatory was submitted to the jury in the two cases, Nos. 3666 and 3667, which were tried together, and

was not answered by the jury, their answer to same being waived by respondent.

In the trial of cases Nos. 3668 and 3669,* which by stipulation were tried by the same jury that tried the former cases and upon the same evidence, this interrogatory was again submitted to the jury and its answer thereto was no.

■ The answer to this interrogatory, as given by the jury, does not establish that appellants were guilty of contributory negligence. For, in order that the negligence of the plaintiff may release a defendant from liability, such negligence must contribute proximately to the injury complained of. (19 Cal. Jur. 649, and authorities cited.) It is not enough to constitute contributory negligence that plaintiff was not at the time of the accident exercising due care for his own safety, but it must also appear that such want of care contributed directly to the injury complained of.

Interrogatory No. 2 and its answer, as given by the jury, does not establish contributory negligence upon the part of appellants.

We are of the opinion that the petitions for rehearing should be denied, and it is so ordered.

A petition to have these causes heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 7, 1929.

Shenk, J., Preston, J., and Waste, C. J., dissented.

*REPORTER'S NOTE.—Cases Nos. 3668 and 3669 are reported *post*, p. 782.