[Civ. No. 7169.  Second Appellate District, Division Two.—June 21, 1932.]

BLANCHE KLARQUIST et al., Plaintiffs and Appellants, v. CHAMBERLAIN & PROCTOR (a Corporation) et al., Defendants; BAVIN & BURCH (a Corporation), Defendant and Appellant.

Redwine & Redwine for Plaintiffs and Appellants.

Joe Crider, Jr., for Defendant and Appellant.

CRAIG, J.—The plaintiff and appellant Blanche Klarquist, individually and as guardian *ad litem* of certain minors instituted an action for damages alleged to have arisen from the wrongful death of one Edward N. Klarquist upon a public thoroughfare. The defendant and appellant, hereinafter designated as the contractor, was joined with the defendant and respondent, admittedly the owner of certain abutting real property upon which said contractor constructed a building and sidewalk, and the defendant who was driving an automobile which collided with the deceased. From a judgment entered upon the verdict of a jury in favor of the plaintiff and the owner, the plaintiff and the contractor each appealed. Said appeals were consolidated and presented by the same transcript and briefs.

The principal facts as alleged in the complaint are not controverted. In the course of construction of a building upon the southerly side of said thoroughfare, a sidewalk was being installed along the northerly side or front of said building, within a space estimated at fifteen feet in width between the building and the line of east-bound motor vehicle traffic. The deceased while walking in a westerly direction along said southerly side of the street was compelled by obstructions and new pavement at respondent's premises to enter the main highway in the path of east-bound motor traffic. The defendant driver, proceeding easterly, struck Klarquist, inflicting injuries from which he lost his life.

It is here complained that the pleadings of the plaintiffs were insufficient. We think in the instant case, since no question as to the sufficiency of the complaint was raised by demurrer, that this contention is untenable. (*May v. Farrell*, 94 Cal. App. 703 [271 Pac. 789].)

The most serious contention presented for decision involves the question of liability of the contracting corporation. This subject will now be considered, not as matter of pleading, but as one of fact and substantive law. It

appeared that the new cement walk was constructed along the front of the building, 14½ feet in width, to a six-inch curbing, and in accordance with municipal restrictions. No temporary walk was provided above the cement work or beyond it, in the line of traffic, for passing pedestrians. The defendant driver's truck apparently approached in an unlawful and negligent manner, and ran against a delivery car which stood at the curbing, after or simultaneously with its contact with the deceased. The evidence tended to show that Klarquist had passed, and was behind, the delivery car before the accident, and that the moving truck "seemed to come in kind of diagonally" until the impact. The plaintiffs invoke the familiar rules applicable to concurrent and negligent causes of injury, under which liability of the defendant contractor herein would be said to arise from the fact that it could have anticipated that the intervening act—the negligence of the driver in leaving his regular course—might in natural and ordinary sequence follow the original act of illegally constructing the sidewalk and excluding the public therefrom. But their argument fails to convince us that liability of one legally constructing a necessary public way, under the authority of a municipality, who cannot be said to have anticipated the reckless act of a third party, should be predicated upon or measured by the same rules. As stated with approval upon a review of numerous authorities in a cited case of the respondents: Even if the *negligent* act is succeeded by a disconnected act of negligence of another person, and which results in injury to a third person, if the original negligence was such that in the ordinary and natural course of events, the second negligent act should have been anticipated as reasonably likely to happen, the proximate cause of the injury may be laid in the first negligent act. (*Sawyer* v. *Hooper,* 79 Cal. App. 395 [249 Pac. 530]; *Feeney* v. *Standard Oil Co.,* 58 Cal. App. 587 [209 Pac. 85]; 12 R. C. L. 913; *Carroll* v. *Central Counties Gas Co.,* 74 Cal. App. 303 [240 Pac. 53].) A case directly in point is not asserted by either of the parties to have been decided in this state. But the rule as above mentioned in this jurisdiction has in others been applied to facts strikingly similar to those here presented. In *Storey* v. *City of New York,* 29 App. Div. 316 [51 N. Y. Supp. 580], a pedestrian was compelled to walk into the street, around a mound of earth which extended from the

curb to a car track, and in so doing was injured by a passing vehicle. In affirming a judgment in favor of the defendants, it was said: "It is urged with much force that, in the present case, there were two efficient causes—the presence of the mound of earth, which prevented the boy from seeing the horse and cart; and the other, the horse and cart themselves, and that both were proximate causes of the accident. As we have already said, if the boy had tripped and fallen because of the mound, and then had been run over, this reasoning would be sound. But the mere presence of the mound, and the fact that it compelled the boy to pass around it, without the intervention of some other cause would not have produced the accident. We must be careful to avoid confusing two things which are separate and distinct, namely, that which causes the injury, and that without which the injury would not have happened. For the former the defendant may be liable; for the latter he will not. This is well expressed by Kelly, C. B., in *Lord Bailiffs, etc.,* v. *Trinity House* (39 L. J. (Exch.) 163): 'In order to make the defendant liable, his negligence must be the *causa causans,* and not merely a *causa sine qua non.*' And as said in *Robertson* v. *The Mayor* (7 Misc. Rep. 648 [28 N. Y. Supp. 13, 15]): "The negligence of the defendant, if any there be, was not the proximate or efficient cause of the injury. If after the cause in question has been in operation, some independent force comes in and produces an injury, not its natural or probable effect, the author of the cause is not responsible." Other decisions of like import are in harmony with the foregoing. (*Jones* v. *City of Ft. Dodge,* 185 Iowa, 600 [171 N. W. 16]; *Setter* v. *City of Maysville,* 114 Ky. 60 [69 S. W. 1074]; *Lambel* v. *City of Florence,* 115 Kan. 111 [222 Pac. 64].) From these observations it results that the defendant contractor cannot be held liable for the injuries resulting from the negligent acts of the driver.

The judgment against Bavin & Burch, a corporation, is reversed, and the judgment in favor of Chamberlain & Proctor, a corporation, is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 20, 1932, and an

application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 18, 1932.