[Civ. No. 6432.   Third Appellate District.—January 22, 1941.]

TAKAKO INAI et al., Minors, etc., Appellants, v. CHARLES
    EDE et al., Defendants; TAKEO TAKEUCHI, Re-
    spondent.

Ralph H. Lewis and Schwab & Schwab for Appellants.

Charles V. Barfield and John H. Finger for Respondent.

PULLEN, P. J.—This appeal is from a judgment in favor of defendant Takeo Takeuchi, after the sustaining of a demurrer to an amended complaint without leave to amend.

It is alleged therein that a state highway runs between Colfax and Emigrant Gap, and at the point of the accident here involved the paved portion of such highway was twenty feet wide; that its course was north and south with a five per cent grade dipping toward the south. At the time and place in question, and for a considerable distance north and south thereof, the highway was covered with snow, ice and slush, and was wet and slippery. That Takeo Takeuchi so parked his automobile on the easterly side of the highway that the rear of his car extended more than three and one-half feet from the easterly edge of the pavement into the line of traffic upon the easterly half thereof, although at that time it was practicable to have parked the car completely off the paved portion of the highway. There were many people in this area (it being a popular spot for snow sports) and by reason of the angle at which the Takeuchi car was parked, pedestrians along the easterly edge of the highway, were, in order to pass the Takeuchi car, compelled to walk out onto the paved portion of the highway more than three and one-half feet from the easterly edge. Plaintiffs were pedestrians going southerly along the easterly edge of the highway, and just as they were passing around the Takeuchi car, a car traveling southerly and being operated by Charles Ede, slipped or skidded across the highway, because of the snow and ice upon the highway, and struck the Takeuchi car, which in turn struck plaintiffs, causing the injuries here complained of. It is also alleged that the slushy, icy, wet and slippery condition was known to Takeuchi, and that because thereof, and because of the grade in the highway, and because of the narrowness of the pavement he was bound to have anticipated the danger. Do these allegations state a cause of action against Takeuchi? In other words did the admitted negligence of Takeuchi in parking his car as he did, proximately contribute to the injuries of plaintiffs?

Two questions are presented: Was the alleged negligent parking of respondent's car a proximate cause of the injury, and did the parking of respondent's car under the circumstances here existing constitute actionable negligence?

■ Disposing first of the latter contention as to whether Takeo Takeuchi was guilty of actionable negligence: Respondent Takeo Takeuchi was guilty of a violation of section 582 of the Vehicle Code, which provides that no person shall leave standing any vehicle upon a paved or improved or main traveled portion of the highway when it is practical to park such vehicle off such portion of such highway.

It is alleged in the complaint that at the time and place in question it was practicable to park respondent's automobile completely off the paved portion of the highway, and that there were then and there numerous automobiles so parked. Respondent claims this statute was enacted for the benefit and protection of other motorists in order that there might be unobstructed passage for motor traffic traveling over that half of the highway which such forbidden parking might impede or obstruct. However, plaintiffs also were lawfully upon the highway and entitled to use the same, and to the full protection of all the laws affecting traffic thereon. In *McKay* v. *Hedger*, 139 Cal. App. 266 [34 Pac. (2d) 221], it is so held, the court saying: "The enactment in question (Sec. 138 California Vehicle Act, now Section 586 of the Vehicle Code) was undoubtedly passed for the benefit of all persons lawfully using the public streets." It is the safety of the general public, regardless of their means of using the highways, that the legislature was protecting when it enacted the statute in question.

Here it is alleged plaintiffs were walking southerly along the easterly edge of the highway, thereby complying with section 564 of the Vehicle Code, in that they were walking close to their left-hand edge of the highway, and by reason of the projecting car of respondent, were compelled to go out onto the highway far enough to pass around the obstruction. Plaintiffs were therefore of a class for whose benefit the statute was enacted, and Takeo Takeuchi in parking his car in such a manner as to force plaintiffs onto the highway was guilty of actionable negligence.

■ The next question, and one fraught with some difficulty, is whether the negligent parking of the car by respond-

ent was the proximate cause of the injury. The courts have often attempted to state what is meant by proximate cause (termed "legal cause" in the Restatement of the Law) and the definition most frequently given is that proximate cause is that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the injury would not have occurred. Again it is said a "person guilty of negligence should be held responsible for all of the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact existed (whether they could have been ascertained by reasonable diligence or not) would at the time of the negligent act have thought reasonably possible to follow, if they had occurred to his mind". (*Williams* v. *San Francisco etc. Ry. Co.*, 6 Cal. App. 715 [93 Pac. 122].) Also the negligence of defendant need not be the sole cause of the injury; it is enough that it be a cause, for if the separate and distinct negligent acts of two persons are in substantially simultaneous operation and contribute to cause the injury, "each is and both are the proximate cause".

The negligence of Takeo Takeuchi did not cease the instant he left his car projecting into the highway. By permitting his car to remain standing as it was, he was guilty of a continuing negligence, and that negligence was active up to the very instant of this accident.

In *Pastene* v. *Adams*, 49 Cal. 87, defendant had negligently piled lumber near the street. While plaintiff was walking close to the pile, another person drove his truck in such a manner as to strike a projecting timber, causing the timber to fall upon plaintiff. The court held the negligent piling of the lumber was a continuing negligence, and concurring with the negligence of the driver of the truck, was a direct and proximate cause of the injury to plaintiff. Here the negligent parking of the car of Takeo Takeuchi was likewise a continuing violation of the Vehicle Code and was a concurring negligence with the negligence of Ede, the driver of the oncoming car.

In *Carroll* v. *Central Counties Gas Co.*, 74 Cal. App. 303 [240 Pac. 53], a pipe line of defendant carrying gas was parallel to and five feet distant from a bridge. An automobile which plaintiff was driving on the bridge skidded, going through the guard rail, and in falling, struck and broke the

pipe line, and the escaping gas becoming ignited by the fire from the exhaust of the automobile, injured plaintiff. The defendant company claimed it was not bound to anticipate the chain of events which led up to the accident. It was held, however, that the negligent act of installing unprotected gas mains near the bridge was an act of negligence which the company, in the exercise of ordinary care, ought to have anticipated, although it might not have foreseen the particular injury which did happen.

The court there also held that one who is himself free of negligence may rely upon the presumption that others will exercise due care, and such a one is not negligent if he fails to anticipate danger which can come only from a violation of law upon the part of another, but one guilty of negligence may not excuse himself by reliance upon such a presumption.

In *Martin* v. *Jones,* 44 Cal. App. 299 [186 Pac. 410], defendant maintained a barbed wire fence near a sidewalk in violation of an ordinance. Plaintiff, walking along the sidewalk, slipped on some gravel and fell against the fence. Defendant admitted the negligent maintenance of the fence but claimed the gravel was an independent intervening cause. In holding defendant liable, the court, however, said that the act of a third person contributing a condition necessary to the injurious effect of the original negligence will not excuse the first wrongdoer if such act ought to have been foreseen.

Respondent cites us to the case of *Mounts* v. *Tzugares,* 9 Cal. App. (2d) 327 [49 Pac. (2d) 883]. There, a truck owned by defendant Tzugares, traveling in a westerly direction, stopped on the north side of the highway. While so parked on the highway a car traveling west swung out around the parked truck and struck a car approaching from the east which had also swung out to pass a slower moving east bound car. The highway was forty-three feet wide at the point of collision; it was daylight and the highway was dry. It was held the position of the parked truck did not contribute to the accident. In the instant case the highway was not so wide by twenty feet,—there was a five per cent grade at the point where the Takeuchi car was parked and the highway was covered with snow and slush and very slippery. These facts, we believe, are sufficient to differentiate the instant from the cited cases.

Respondent also cites *Klarquist* v. *Chamberlain & Proctor*, 124 Cal. App. 398 [12 Pac. (2d) 664]. There a contractor was lawfully building a sidewalk, and because of barriers around the work plaintiff was compelled to walk into the street, where he was struck by a negligently operated car. There the contractor was constructing a necessary public work, under the authority of a municipality—and the contractor was therefore not bound to have anticipated the reckless act of a third person. There plaintiffs attempted to invoke the rule applicable to concurrent and negligent causes of injury, under which, liability of the defendant contractor would arise from the fact it should have anticipated the negligence of the driver in leaving his regular course, but the court said " . . . their argument fails to convince us that the liability of one legally constructing a necessary public way, under the authority of a municipality, who cannot be said to have anticipated the reckless act of a third party, should be predicated upon or measured by the same rules". If, however, after completing its work of laying the sidewalk, the contracting company had then negligently placed a pile of gravel in the street alongside the sidewalk and had negligently permitted it to remain there unguarded, and a truck had, by reason thereof, been thrown from its course and struck a pedestrian, undoubtedly the company would have been liable, or at least put upon its defense.

That an obstruction lawfully placed upon a highway, is subject to an entirely different rule than an unlawful obstruction, as we have here, is clearly stated in *Stockton etc. Co.* v. *Confer*, 154 Cal. 402 [97 Pac. 881] :

"An individual who erects an unlawful obstruction to the free use of a highway, in its nature a nuisance, by reason of his wrongful act, is charged in law as an insurer against accident to a person properly traveling the highway and meeting injury by reason of such unlawful obstruction. (Citing cases.) But where the highway is obstructed under license and by authority, the person responsible for such obstruction is chargeable only with ordinary care to see that such obstruction does not become a cause of injury to any person lawfully traveling the highway." See, also, *Lacy* v. *Pacific Gas & Electric Co.*, 220 Cal. 97 [29 Pac. (2d) 781].

Can a court say *as a matter of law* that the negligence of Takeo Takeuchi in parking his car in such a manner as to

permit a portion thereof to project about three and one-half feet onto the highway, in violation of a statute, under the conditions then existing, did not in any sense contribute proximately to plaintiffs' injuries? ■ The question of causation is one of fact depending upon the circumstances of each particular case and is ordinarily for the jury to determine. (19 Cal. Jur., p. 562.) In *Fishman* v. *Silva,* 116 Cal. App. 1 [2 Pac. (2d) 473], it is said:

"It is the unquestioned law of this state that where one is injured by the concurring negligence of two persons, each is and both are the proximate cause of the injuries, and the injured party may recover from either or both at his election, . . .

"Whether or not the negligence of either driver was a proximate cause of the collision and resultant injuries and whether or not the negligence of each concurred with that of the other is a question of fact to be decided by the jury or by the court where no jury is present, and where there is evidence to support the determination so made it cannot be disturbed even though the facts would warrant a different conclusion."

"Whether cause in fact exists is often difficult to determine", says Mr. Charles E. Carpenter in an article in Rules for Determining Proximate Cause in Volume XX of California Law Review, at page 399, "but where reasonable men can differ as to its existence or non-existence, it is a question for the jury to determine under appropriate instruction." In this treatise by Mr. Carpenter, beginning in the Law Review of March, 1932, will be found a very informative discussion of the rules for determining proximate cause.

The judgment is reversed and the trial court directed to overrule the demurrer and respondents given a reasonable time to answer.

Thompson, J., and Tuttle, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 20, 1941.