No. 14,746.

BAUSERMAN ET AL. *v.* WHITE.
(114 P. [2d] 557)

Decided May 12, 1941.   Rehearing denied June 23, 1941.

Mr. Earl T. Thrasher, Mr. Arthur H. Laws, for plaintiffs in error.

Mr. A. X. Erickson, Mr. Don B. Oliver, for defendant in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

This action was brought by Mrs. Cleora White, who appears here as defendant in error, against plaintiffs in error, to recover damages for personal injuries result- ing from an automobile accident occurring in the city of Denver. After issues joined, trial was had to a jury which returned a verdict for Mrs. White in the amount of $2,100. Judgment was entered thereon. Reversal is sought on writ of error. Reference will be made to the parties as they appeared in the court below, or by name.

The factual situation, as disclosed by the record, is, that shortly after noon on August 5, 1938, Mrs. White was riding as a guest in a car driven by a Mrs. Berger

which was proceeding in a westerly direction on Glenarm Place. As the car approached the intersection at Thirteenth and Glenarm Place, Mrs. Berger stopped at the cross walk on Glenarm before proceeding into the intersection in order to yield the right-of-way to a southbound automobile stopped on Thirteenth street to her right. The driver of this other car motioned for Mrs. Berger to proceed across the intersection. She complied, and when almost across the southbound street car tracks on Thirteenth street the Bauserman car, traveling southerly on Thirteenth street at a speed of twenty-five to thirty-five miles an hour, came around the left of the car that was stopped and struck the rear portion of Mrs. Berger's car, causing it to skid out of its line of traffic to the opposite side of the street and against the curb to her left. Mrs. White testified that at the time of the accident she was about four months pregnant and that as a result of the alleged injuries she suffered a miscarriage, extreme physical and mental shock and permanent disability. The Bausermans challenge the right of Mrs. White to recover at all, and not the extent of damage and amount of the verdict. It is admitted that the Bauserman car was being used as a "family purpose" car, and was being driven at the time by George Bauserman, son of Florence D. Bauserman, owner of the car. Five defenses were alleged: (a) General denial of any negligence. (b) Negligence of Mrs. Berger was the sole cause of the accident. (c) Contributory negligence of Mrs. Berger. (d) Contributory negligence of plaintiff. (e) Accident was unavoidable. Replication was a general denial of all new matters set forth in defendant's answer. Defense motions for more specific statement, to separately state causes of action and for a nonsuit were overruled, and we think properly so.

The principal question in this case has to do with the propriety of receiving in evidence, and instructing on, the provisions of the Denver Traffic Code relating to

reckless driving, not having the car under control, losing the right-of-way, careless driving, and speeding, being sections 65 (d), 65 (f), 56 (a), 57 (1 and 2). They are respectively, as follows:

"Section 65 (d). Losing right-of-way. Any driver or operator, while driving without lights at such times as lights are required under Section 52 of this ordinance, or while driving to the left of the center of the street and reckless [recklessly] driving, shall have no right-of-way whatsoever.

"Section 65 (f). Vehicle under control. The phrase 'vehicle under control' within the meaning of this section, is defined as follows: A vehicle travelling at such rate of speed that it is possible under conditions then existing to come to a complete stop before reaching the center of the street intended to be crossed.

"Section 56 (a). Reckless driving. Any person who drives any vehicle or operates any street car upon a street or upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving.

"Section 57. 1. (Careless Driving): Every person operating a vehicle on the streets or highways in the City and County of Denver shall drive the same in a careful and prudent manner, having regard for the width, grade, curves, corners, traffic and use of these streets, and all other attendant circumstances so as not to endanger the life, limb or property of any person.

"Section 57. 2. (Speeding): Driving in excess of the following speeds shall not be considered careful and prudent driving: * * *.

"(b) Twenty (20) miles per hour in the district in Section 31 (1) hereof, excepting the streets bounding said district. * * *."

The answer to the question indicated will be determinative of this case, because plaintiff concedes that if

Bauserman had not been driving recklessly, he would have had the right-of-way over Mrs. Berger.

We could dispose of the matter of the reception of these traffic rules in evidence and their inclusion in the instructions as constituting error by refusing to consider it, because the point was not raised by the motion for a new trial; but since it appears to be the real basis of the dispute, we shall discuss the matter briefly.

It will be noted that in section 65 (d) while the conjunction "and" is used before the words "recklessly driving," obviously it should be read "or," the proper construction being that if a person drives a car to the left of the center of the street *or* recklessly he loses the the right-of-way. In other words, the language cannot be construed to mean that the driver has to be on the wrong side of the road *and* driving recklessly before he loses the right-of-way. He loses the right-of-way if he does either. Bauserman was not driving on the wrong side of the road, but there is ample evidence that he was driving recklessly. Therefore, as we construe this section, it was proper to admit it in evidence, and include it in the instructions.

Since, as appears, the jury thus might consider that Bauserman by driving recklessly lost the right-of-way, it was not error to instruct concerning the other regulations of the ordinance to inform them of the degree of care required by the respective drivers in such contingency. It is true that that part of section 65 (d) which refers to "driving without lights" is inapplicable to the present case, and might well have been omitted because the accident occurred in broad daylight, but we cannot perceive that any prejudice resulted by its reception in evidence and inclusion in the instructions. It thus appears that since there was evidence that Bauserman was violating these traffic regulations, it was proper to include the sections quoted as part of the instructions.

■ Bauserman complains of the Court's refusal to give his tendered instruction No. 4, which contained in substance the provisions of the right-of-way ordinance, but since section 65 (a) relating thereto was quoted verbatim in one of the instructions given, it was unnecessary to repeat it. As already indicated, plaintiff does not deny that Bauserman originally had the right-of-way, but she contends he lost it, so the duty that the tendered instruction sought to impose upon plaintiff vanished.

■ Bauserman finally assigns error concerning the admission of certain hospital records. We do not need to pass on that question, because all the material evidence necessary to sustain plaintiff's claim was given by Mrs. White's attending physician, to whose testimony no objection was interposed, and which was not challenged. In addition counsel seem to have abandoned this assignment in their brief.

Our conclusion is that the issues were rightly submitted to the jury under proper instructions, and that the evidence supports the verdict.

The judgment is affirmed.

MR. JUSTICE YOUNG and MR. JUSTICE HILLIARD not participating.

MR. CHIEF JUSTICE FRANCIS E. BOUCK dissents.