[Civ. No. 6858.   Third Dist.   June 30, 1943.]

TAKAKO INAI et al., Respondents, v. CHARLES EDE et al., Defendants; TAKEO TAKEUCHI, Appellant.

Charles V. Barfield and John J. Healy, Jr., for Appellant.

Robert H. Schwab for Respondents.

PEEK, J.—This is an appeal by defendant Takeuchi from a judgment against him alone. By its verdict the jury awarded damages to the plaintiffs for personal injuries suffered as the result of a collision between a car operated by the defendant Ede and the parked car of appellant.

On March 20, 1938, respondents, together with their families and several friends, journeyed to the high Sierras for a day in the snow. They parked their cars on Highway No. 40 approximately two or three miles south of the town of Emigrant Gap. The highway at that point runs in a general northerly and southerly direction. On this particular day the only available space for parking was a strip along the easterly side of the highway. A snow bank several feet in height and extending to the edge of the paved portion made it impossible to park on the west side. The appellant, looking for a space to park his car, but finding none, drove past this area to a point where he was compelled to turn back because of orders not to proceed further without chains. While driving slowly back along the line of parked cars he observed a

space on his left which he stated was probably the length of a car and one-half, and sufficient for him to park his car. He headed his car into the bank leaving the rear extending onto the paved portion of the highway and made no effort to maneuver it into a line parallel with the other cars parked along the highway. The briefs of both parties infer that the right hand door of the car was left open,—the width of which, as stated in appellant's brief, was 49 inches. The distance which the rear of his car extended onto the paved portion was placed by witnesses from three to four or more feet. Some witnesses placed it parallel to the road and others at an angle so that the rear extended farther onto the pavement than did the front. The highway at that particular point was 20 feet in width with the easterly shoulder extending approximately four feet from the edge of the pavement to a snow bank, and sloping southerly on a five per cent down grade. The highway at the time was slushy.

Shortly after appellant parked, two of the respondents who were walking north and two who were walking south met at a point approximately opposite the open right door of appellant's car. While so stopped, the respondent, Suzanne's mother, bent over to fix one of Suzanne's galoshes. At this moment defendant Ede's car, which had gone out of control when the driver endeavored to avoid hitting a small boy who had darted across the highway, skidded a distance of approximately 90 feet, striking the right rear fender and door of appellant's car, which in turn struck the respondents and caused the injuries as alleged in their complaint.

Appellant contends that his car could at most be considered only as a remote condition and not the proximate cause of the accident; that even under these circumstances a violation of the parking law could not be actionable negligence in that respondents had voluntarily assumed positions next to the car, with the inference that by so doing they were not pedestrians. Further error is assigned in the giving and refusing to give certain instructions.

█ The appellant argues that the efficient and proximate cause of the accident was the skidding of the Ede car. It is quite true that had not the Ede car gone out of control it probably would not have struck appellant's car. Nevertheless, as in the case of *Pastene* v. *Adams,* 49 Cal. 87, the negligent piling of the lumber in the street did not cause the

truck to be driven against it, thereby toppling over and injuring the plaintiff, but the court in that instance held that piling lumber in such a fashion was concurring negligence in that it concurred with the negligence of the driver of the truck; and the judgment against the defendant was sustained. This court cannot say that the situation here presented is at all different than that in the Pastene case. In the present case the alleged negligent parking by appellant was a question of fact and was found by the jury to be a continuing negligence and a violation of the Motor Vehicle Code, and therefore was a concurring negligence with that of the defendant Ede.

In substantiation of his contention appellant cites the case of *Klarquist* v. *Chamberlain & Proctor,* 124 Cal.App. 398 [12 P.2d 664], stating that there the defendant contractor obstructed the sidewalk; but he fails to mention that such obstruction was lawful. As the late Presiding Justice Pullen said in regard to the Klarquist case, when the instant case *(Inai* v. *Ede,* 42 Cal.App.2d 521, 526 [109 P.2d 400]) was before this court on appeal from an order sustaining defendant Takeuchi's demurrer without leave to amend:

"There a contractor was lawfully building a sidewalk, and because of barriers around the work plaintiff was compelled to walk into the street, where he was struck by a negligently operated car. There the contractor was constructing a necessary public work, under the authority of a municipality—and the contractor was therefore not bound to have anticipated the reckless act of a third person. There plaintiffs attempted to invoke the rule applicable to concurrent and negligent causes of injury, under which, liability of the defendant contractor would arise from the fact it should have anticipated the negligence of the driver in leaving his regular course, but the court said '... their argument fails to convince us that the liability of one legally constructing a necessary public way, under the authority of a municipality, who cannot be said to have anticipated the reckless act of a third party, should be predicated upon or measured by the same rules.' If, however, after completing its work of laying the sidewalk, the contracting company had then negligently placed a pile of gravel in the street alongside the sidewalk and had negligently permitted it to remain there unguarded, and a truck had, by reason thereof, been thrown from its

course and struck a pedestrian, undoubtedly the company would have been liable, or at least put upon its defense.''

It is obvious that the Klarquist case is not in point.

*Fennessy* v. *Pacific G. & E. Co.,* 20 Cal.2d 141 [124 P.2d 51], is a case very similar to the one before us wherein the defendant, in violation of a statute parked a truck between the safety zone and curb, leaving insufficient space for traffic to pass between. Plaintiff was hit by a bus when she was standing in the pedestrian lane. On appeal it was contended that the bus driver broke the chain of causation but the court affirmed judgment for plaintiff, stating:

''Whether the parking of appellants' repair truck between the safety zone and the curb had anything to do with the swerve or turn of the jitney bus on to the first or second street car tracks, as the result of which the accident occurred, or whether the jitney driver could have averted such accident, notwithstanding that he violated the ordinance prohibiting driving to the left of a safety zone, were purely questions of fact to be determined by the jury. If the jury believed the evidence in support of respondents' theory that the parking of appellant company's car was a proximate cause of the accident, we are unable to interfere. . . . 'where the original negligence continues and exists up to the time of the injury, the concurrent negligent act of a third person causing the injury, will not be regarded as an independent act of negligence, but the two concurring acts of negligence will be held to be the proximate cause of the injury'.''

Appellant makes a further point in his supplemental brief, particularly contending that this court in a previous appeal from a judgment in favor of the defendant Takeuchi, after his demurrer was sustained without leave to amend (42 Cal.App.2d 521), based its decision on the sole premise that the respondents were pedestrians properly on the highway and therefore of a class for whose benefit section 582 of the Motor Vehicle Code was enacted. We do not so interpret that decision. Because a person stops to fasten a shoe lace is he none the less a pedestrian, and if not, then what is he? However, assuming for the moment that the contention of appellant is correct it would serve no purpose other than as a basis upon which to base an issue of contributory negligence and under the conflicting evidence again is a question of fact for the jury. This same question was directly in issue in the

case of *Scalf* v. *Eicher*, 11 Cal.App.2d 44, 54 [53 P.2d 368], wherein the court said:

"The violation of a statute or ordinance which proximately contributes to the injuries is presumptively an act of negligence unless the act or omission was justifiable or excusable under the circumstances. . . . Whether or not a violation of a statute or ordinance proximately contributed to an accident and whether the violation was excusable or justifiable are questions of fact except in a case where '. . . the court is impelled to say that from the facts reasonable men can draw but one inference and that an inference pointing unerringly to the negligence of the plaintiff contributing to his injury'."

As stated in the Scalf case, *supra*, the question of causation is one of fact depending upon the circumstances of each particular case and is ordinarily for the jury to determine. Whether such fact exists is often difficult to determine but where reasonable men can differ as to its existence or non-existence it is a question for the jury to determine under appropriate instructions. This the jury has done. Under the circumstances as herein presented we cannot say as a matter of law that the present case comes within the exception previously noted.

Appellant's final complaint is directed at certain instructions which were given and certain others which were not given. Where, as in this case, innumerable instructions were proposed by all of the parties, it is an ever present possibility that some particular instruction will fail to contain either a complete or accurate statement of the law. It is but one of the many difficulties where several parties are involved in the same trial. It therefore becomes increasingly necessary to examine the entire charge in the light of fair and reasonable construction, without straining at any particular portion of the language. Then if in the light of such scrutiny it may be reasonably said that the particular inaccuracy or omission or phraseology appears to have been cured by the entire charge and that the jury was fairly and impartially instructed as to the law, it is sufficient to defeat any claim of error predicated upon defects in particular instructions. (*Henderson* v. *Los Angeles Traction Co.*, 150 Cal. 689 [89 P. 976].)

To justify a reversal under the Constitution it must appear from a consideration of all the evidence that an error

in this respect resulted in the miscarriage of justice. (2 Cal.Jur. 1026.)

██ The first two instructions complained of relate to the question of proximate cause and the concurring negligence of both defendants. If said instructions had been the only ones proposed on those questions yet were rejected, then appellant's complaint would have merit. However, an examination of the record discloses others were proposed and were given on the same subject which, read as a whole, fairly state that principle of law in general. ██ The third question raised by appellant relates to an instruction proposed by the defendant Ede and given by the court. In substance it pertained to a section of the Motor Vehicle Code not at issue and concerning which there is no apparent mention in the record. Assuming such instruction to have been error, yet in the light of the abundant evidence which was produced it is difficult to see how appellant was prejudiced thereby, and at most it could be considered as harmless error. ██ Appellant's further complaint is directed at an instruction requested by him pertaining to the question of passion and prejudice, which was rejected by the trial court. It would seem reasonable that such complaint would only be valid if the award of the jury had been grossly excessive and so clearly the result of prejudice or passion as to be manifestly unfair and unjust. Yet nowhere in appellant's brief is such point raised. Appellant's only support of this contention is contained in his brief wherein he states: "The case, involving as it did, rather serious injuries to a little girl . . . the jury, unless specifically instructed and admonished by the trial court, might well permit their natural sympathies to influence them." But no showing is made that the jurors' sympathies were aroused and as a result they were influenced thereby. If appellant's statement be valid then it might as well be argued by plaintiffs that because she was Japanese the judgment was grossly inadequate. It is not necessary to speculate in this regard for the record discloses that satisfactory and sufficiently explanatory instructions on the question of damages were given by the court. Under all of the evidence the damages would appear to be reasonable.

Appellant's final complaint as regards the instructions is but a reargument of his theory of the case. He again cites the case of *Klarquist* v. *Chamberlain & Proctor, supra.*

Respondents reply that the answer to appellant's conten-

tion is again to be found in the previous decision in this case *(Inai v. Ede, supra)* wherein this court, in emphasizing the distinguishing features of the two cases, stated: "An obstruction lawfully placed upon a highway is subject to an entirely different rule than an unlawful obstruction, as we have here."

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied July 30, 1943, and appellant's petition for a hearing by the Supreme Court was denied August 26, 1943.