JOHN ROGER BONILLA, A MINOR, BY AGNES BONILLA, HIS MOTHER AND PROCHEIN AMI *v.* MUTUAL TELEPHONE COMPANY, A HAWAIIAN CORPORATION.

NO. 2897.

ARGUED JUNE 4, 1953.     DECIDED DECEMBER 31, 1953.

LE BARON AND STAINBACK, JJ., AND CIRCUIT JUDGE BUCK IN PLACE OF TOWSE, C. J., DISQUALIFIED.

OPINION OF THE COURT BY LE BARON, J.

This is an action in tort for damages arising out of injuries suffered by the plaintiff when he was struck by the defendant's automobile while crossing a public highway. The action was tried before a jury which rendered

a verdict for the defendant. In accordance therewith, judgment was entered from which the plaintiff sued out the instant writ of error.

The plaintiff relies upon a specification of eight alleged errors which run either to the trial judge's giving of or to his refusing to give certain instructions to the jury. He arranges those errors into three groups on appeal. Each group will be considered in the order presented.

The first involves the giving of an instruction which merely quotes verbatim the provision of a penal ordinance (Hon. Ord. 1942, § 1326) requiring warning signs for the protection of working men on the highway and making it unlawful for them to work upon the highway or for any government department to permit them to do so without signs marked "Men At Work" with red flags attached being placed at least 200 feet from the place of work. This instruction, while correct as to the provisions of the ordinance, is outside the issues and not warranted by the pleadings and the evidence. Nor is it applicable to the facts in the case. It is, therefore, an abstract instruction and should not have been given. But does it, as contended by the plaintiff, constitute reversible error?

Abstract instructions are never favored, although cases are rarely reversed on that ground, where no apparent confusion arises therefrom. In this case, no apparent confusion did arise. Nor is the character of the instruction calculated to confuse the ultimate result of the jury's deliberations. It is purely informative. It neither presents any question which could be answered prejudicially to the plaintiff nor suggests any theory on which a jury could reasonably either excuse negligence on the part of the defendant's agent as the driver of the automobile or infer contributory negligence on the part

of the plaintiff. Indeed, it is directed toward neither the plaintiff nor the driver and does not deal with their conduct upon the highway in any way. As admitted by the plaintiff, it has no bearing upon the issues of negligence and is wholly unrelated to those issues. Moreover, it is so obviously inapplicable and irrelevant to such issues that it is not reasonably probable that the instruction would have misled the mind of a jury of presumably reasonable men, who, as here, were otherwise fully instructed upon the applicable law of negligence. Nor can it be said with reason that the giving of it resulted in an incorrect verdict. Under these circumstances, the instruction, though abstract, constitutes no ground for reversal. (*Inai* v. *Ede*, 59 Cal. App. [2d] 549, 139 P. [2d] 76; *Bauserman* v. *White*, 108 Colo. 101, 114 P. [2d] 557; *Marrow* v. *Ferguson*, 182 Va. 820, 30 S. E. [2d] 563; *Wren* v. *Seattle*, 100 Wash. 67, 170 Pac. 342.)

Under the second group the plaintiff takes the position that "the Trial Judge should have given the jury,— in connection with and as qualification and limitation of defendant's Requested Instruction No. 38 relative to motorist's right of assumption that other persons using the highway will do so in lawful manner with due regard for their own safety—plaintiff's Requested Instruction No. 7, as modification of that general rule with respect to children." The first paragraph of the requested instruction as refused reads: "Children, wherever they go, must be expected to act upon childish instincts and impulses, and others who are chargeable with a duty of care and caution towards them must calculate upon this, and take precaution accordingly." The second reads: "The vigilance and care required of the operator of an automobile vary in respect to persons of different ages and physical conditions. The operator must increase his exertion in order to avoid danger to children whom he

may see, or by the exercise of reasonable care should see, on or near the highway and more than ordinary care is required in such cases."

Aside from being vague and indefinite, the above instruction in dealing with children generally has no applicability under the facts and circumstances of this case. Moreover, in purporting to define the duty of a motorist toward children on or near the highway, the instruction fails to inform the jury that the motorist's liability depends on whether he saw or should have seen them *in time to have avoided the accident by the exercise of ordinary care*. That failure of necessary qualification is aggravated by the effect of the instruction in calling for a higher duty of care from a motorist than the ordinary care required by law of a reasonably prudent and cautious man acting under the same or similar circumstances. It is further aggravated by virtually making a motorist into an absolute insurer against all accidents wherein a child is injured even though the child may have darted in front of the automobile so suddenly that the driver was given no opportunity whatsoever to avoid injuring the child. The objectionable character of the instruction is brought into bolder relief from the fact that there is no evidence which would warrant a jury in finding that there actually were children on or near the highway whom the approaching motorist saw before the accident or should have seen at the place of accident in time to have avoided injuring any of them by the exercise of ordinary care. Nor is there any evidence from which a jury could have reasonably found that the accident occurred so near a school, playground or other place where children normally congregate that an approaching motorist should have been put on notice that young children might undertake to cross in front of him. On the contrary, the evidence is undisputed that the ac-

cident occurred far from such places at a place on an open stretch of rural highway where there was nothing to indicate the presence of children so as to suggest to an approaching motorist the need, in the exercise of reasonable care, to stop his vehicle or to reduce its speed to a rate at which it could be instantly stopped. Needless to say, the instruction as a whole is incomplete, misleading and erroneous as well as inapplicable. It was, therefore, properly refused. (*Bechtold* v. *Commercial Standard Ins. Co.,* 31 So. [2d] 894; *Wash* v. *Holland,* 166 Va. 45, 183 S. E. 236; 2A Blashfield, *Cyclopedia of Automobile Law and Practice,* § 1498.)

Under the third and last group of alleged errors, the plaintiff argues that the trial judge erred in refusing to instruct the jury upon the doctrine of last clear chance as requested by him. Assuming without deciding that the plaintiff's requested instructions correctly state the doctrine, the sole determinative question is whether any instructions thereon are applicable to the facts in this case.

The accident occurred in the daytime on an open stretch of straight highway in a rural section near the town of Waipahu on the island of Oahu. It did not occur at or near a regular crossing or intersection. The plaintiff, a boy of eleven years, ran from behind parked trucks on to the highway and into the path of the defendant's oncoming automobile, some 15 to 20 feet away, and continued to cross the highway until he was struck by the defendant's automobile. The driver of that automobile, on the other hand, testified that, as he approached, the highway was clear ahead of him until suddenly "before I knew what was happening, a little boy ran across the road. * * * He didn't have a chance to take many steps. I don't believe he saw me * * *. Anyway I saw him and jammed on my brakes as soon as I could. I had no chance to try to avoid him by swerving, although I

might have turned the wheel a little bit, and by the time I hit him, he was in my lane." This version of the sudden appearance of the plaintiff is uncontroverted. Moreover, the only two witnesses who saw the plaintiff run into the road and saw him being hit corroborate it as well as the undisputed testimony of the driver. One witness testified that at the plaintiff's sudden appearance from behind the parked trucks the driver "immediately jammed on his brakes and tried to pull off to the right [and] about that time the boy and the car just kind of ran together. The other testified, "He [the plaintiff] appeared suddenly * * * it was a matter of almost instantaneous occurrence from the time he appeared, the car tried to stop and couldn't." In short, under the undisputed facts, the doctrine has no application, the accident being unavoidable from the standpoint of the driver who had neither the last nor a clear chance to avoid the accident. (See *Bailey* v. *Reggie*, 22 So. [2d] 698 [La. 1945]; *Bechtold* v. *Commercial Standard Ins. Co.*, 31 So. [2d] 894 [La.1947]; *Herbert* v. *Meibaum*, 19 So. [2d] 629 [La. 1944]; *Morrison* v. *Hall*, 314 Mich. 522, 22 N. W. [2d] 838; *McElwee* v. *Curtiss-Wright Corporation*, 70 F. Supp. 97 [Mo. 1947]; *Lowry* v. *Mohn*, 195 S. W. [2d] 652 [Mo. 1946]; *Moses* v. *Mitchell*, 139 Neb. 606, 298 N. W. 338; *Correia* v. *Cambra*, 51 R. I. 472, 155 Atl. 667; *Parks* v. *Airline Motor Coaches*, 145 Tex. 44, 193 S. W. [2d] 967; *Juergens* v. *Front*, 111 W. Va. 670, 163 S. E. 618.)

The trial judge, therefore, properly refused to instruct the jury upon that doctrine.

Judgment affirmed.

*H. M. Greenstein* (also on the brief) for plaintiff in error.

*T. M. Waddoups* and *F. D. Padgett* (*Robertson, Castle & Anthony* with them on the brief) for defendant in error.