[Civ. No. 11627.   First Dist., Div. One.   Oct. 25, 1941.]

HAROLD F. DIECKMANN, Appellant, v. ANGELO SIG-
NORINI et al., Respondents.

Gregory P. Maushart for Appellant.

Rodgers, Wollitz & Carmody and George C. Carmody for Respondents.

WARD, J.—This is an appeal from a judgment of nonsuit granted defendants in an action for personal injuries suffered by plaintiff as the result of an automobile collision. The judgment was granted on the ground that plaintiff was guilty of contributory negligence as a matter of law.

The scene of the accident was on a main highway in Contra Costa County known as the Marsh Creek-Clayton Road, which runs in a general easterly and westerly direction from Clayton on the east to Concord on the west. Treat Lane, sometimes called the Walnut Creek Road, is also a highway and intersects the Clayton Road at approximately right angles from the south, terminating at the southerly boundary thereof. On the north, and to the west of the intersection four hundred feet, is a school house and yard. To the east of the intersection about 185 feet is a sign "School Zone"; and still further to the east, about 360 feet from the intersection, is another sign bearing the words "Side Road."

On the afternoon of the accident plaintiff left the town of Clayton and drove westward on the Marsh Creek-Clayton Road intending to turn left at Treat Lane. The weather was clear and the road dry. As he approached the sign "Side Road," he looked into his rear vision mirror. In response to a question "You didn't look again before you made the turn?" appellant answered: "I looked ahead and into the Treat Lane." When he reached this sign, anticipating turning left at Treat Lane, he decreased his speed from forty or forty-five miles an hour to approximately twenty-five miles. He testified that some time after he passed the next sign "School Zone," he decreased his speed to about fifteen miles an hour, testifying further in this regard: "I

put out my hand sometime after I had passed the School Zone sign. I couldn't say exactly when, up until the time that I had intended to turn, because I couldn't very well make a left hand turn with my right hand and I brought my hand in at that time." Respondent Angelo Signorini, who had been driving behind him, noticing the decreased speed of appellant's car, decided to pass him, on the left. For this purpose, just before reaching the intersection, and within twenty feet thereof, he honked his horn and accelerated his speed, coming into collision with appellant's car which was negotiating the left-hand turn into Treat Lane. Appellant testified that he did not see respondent's car until he, appellant, in anticipation of his turn to the left, crossed from the right to the left side of the road; that respondent "was behind me and partly in the left lane." He testified as to seeing respondent's car: "It was just a glimpse and the accident happened immediately." Following the accident the cars came to rest in a vineyard about one hundred feet west and to the north of the point of collision. Appellant testified that "there were marks in the form of an arc that went into the vineyard and into the walnut tree"; that they commenced "at the white line, about 20 feet back or 25 feet back from the intersection"; that from a "gouge" mark in the pavement "practically at the property line of Treat Avenue if it were extended . . . right at the intersection line . . . " the impact occurred when "my car . . . was three feet five inches over [to the left of] the white line."

For the sole purpose of considering this appeal it may be conceded that the respondent was negligent (Vehicle Code, sec. 530). A jury might have been justified in determining that appellant failed to further avail himself of the use of the rear vision mirror, or that his left hand signal had been insufficiently given, or that his turn into Treat Lane had been started prior to reaching the proper point in the intersection: that one or more of such acts, or a failure to act, constituted negligence, which in fact was the proximate cause, or a proximate contributory cause of the accident. In *Bauer* v. *Davis,* 43 Cal. App. (2d) 764 [111 Pac. (2d) 715], considering the actions of an appellant defendant, the court said (p. 770): "Performing the requirement of giving the appropriate hand signal does not necessarily relieve a driver of the duty to also make proper observations. As is often the case, the driver

of a car preceding another may suddenly give a hand signal and turn his car quickly to the right or left without observing traffic to the rear. Such action certainly constitutes negligence, and the hand signal cannot be deemed to have been sufficient warning." The court also said (p. 771): "Contributory negligence and the determination as to whether a plaintiff has by his conduct proximately contributed to his own injuries, like the question of negligence upon the part of a defendant, is ordinarily a question of fact for the jury. Conduct of a plaintiff, even though admittedly careless in some respect, does not necessarily constitute contributory negligence as a matter of law."

Drivers are not permitted to turn vehicles unless such movement may be made "with reasonable safety" (Vehicle Code, sec. 544). A "signal of intention to turn right or left shall be given continuously during the last fifty feet traveled by the vehicle before turning." (Vehicle Code, sec. 544.) The approach for a left turn "shall be made in that portion of the right half of the roadway nearest the center line thereof and the left turn shall be made by passing immediately to the right of the center of the intersection before turning. . . . (Vehicle Code, sec. 540.) Needless to say, "reasonable safety" imports taking advantage of all facilities with which the vehicle is provided for its safe use, including a rear vision mirror if one is installed. The installation of a mirror in a vehicle such as appellant operated is not a statutory requirement, but if available, a failure to use it may be negligence, depending upon the circumstances with which the driver of the vehicle is confronted. Appellant testified that when he glanced into the mirror some 360 feet from Treat Avenue, respondent was not in his line of vision. If this testimony is true—and we must so assume on a motion for nonsuit—it is possible that a jury would determine it was not necessary on this straight road that appellant before he reached Treat Lane should have again resorted to the mirror. A construction might well be placed upon appellant's testimony that he continued to give the left turn signal until he reached the proper turning point.

It appears that appellant commenced to turn before reaching the center of the intersection as required by the code; there was not a marked, but rather slight, cutting of the corner. We may assume that in this respect he was

violating the statute, but whether such violation was the proximate cause of the accident or a contributing proximate cause, or whether respondent's violation of the law in attempting to pass at an intersection a vehicle going in the same direction, was the proximate cause of the accident, are questions of fact to be passed upon by the jury.

In reaching the conclusion that the judgment on the nonsuit should be reversed, we have borne in mind that negligence *per se* is subject to proof that the claimed negligence must proximately cause or contribute to the injury. (*Dewhirst* v. *Leopold,* 194 Cal. 424 [229 Pac. 30]; *Berkovitz* v. *American River Gravel Co.,* 191 Cal. 195 [215 Pac. 675]; *Ingram* v. *Wessendorf,* 14 Cal. App. (2d) 16 [57 Pac. (2d) 989]; *Morehead* v. *Roehm,* 118 Cal. App. 312 [4 Pac. (2d) 995]; *Summers* v. *Dominguez,* 29 Cal. App. (2d) 308 [84 Pac. (2d) .237]; *Mora* v. *Favilla,* 186 Cal. 199 [199 Pac. 17]; *Flores* v. *Fitzgerald,* 204 Cal. 374 [268 Pac. 369]; *Scalf* v. *Eicher,* 11 Cal. App. (2d) 44 [53 Pac. (2d) 368].) We have adhered strictly to the rule that when the evidence is substantially without conflict, as in the present case, and different inferences may reasonably be drawn therefrom, the deducible inferences unfavorable to the moving party must be adopted in passing upon the motion. (*Mitchell Camera Corp.* v. *Fox Film Corp.,* 8 Cal. (2d) 192 [64 Pac. (2d) 946]; *Barnett* v. *La Mesa Post. No. 282,* 15 Cal. (2d) 191 [99 Pac. (2d) 650]; *Gish* v. *Los Angeles Ry. Corp.,* 13 Cal. (2d) 570 [90 Pac. (2d) 792]; *Estate of Arnold,* 16 Cal. (2d) 573 [107 Pac. (2d) 25]; *Gomez* v. *Lindberg,* 11 Cal. App. (2d) 730 [54 Pac. (2d) 1153]; *Bate* v. *Los Angeles Ry. Corp.,* 30 Cal. App. (2d) 604 [86 Pac. (2d) 856]; *Bleser* v. *Thomas Haverty Co.,* 3 Cal. App. (2d) 199 [38 Pac. (2d) 873]; *National Auto Ins. Co.* v. *Cunningham,* 41 Cal. App. (2d) 828 [107 Pac. (2d) 643]; *Martin* v. *Fox W. C. Theatres Corp.,* 41 Cal. App. (2d) 925 [108 Pac. (2d) 29].)

Respondent does not question the fact that ordinarily the subject of plaintiff's contributory negligence is a matter of fact for the jury, but claims that plaintiff did not make the left turn in accordance with statutory provision and that he failed "to look at all." Respondent is mistaken on the claim of failing to look. The record shows that appellant looked into the rear vision mirror at a point some distance

from the intersection. Without stating our views as to whether appellant acted as a reasonably prudent person would have acted under the circumstances, still the question is not one for this court or the trial court to pass upon, but wholly a question of fact for the jury. Respondent cites cases which are not in point or may be readily differentiated. In *Peel* v. *California Belting Co., Inc.,* 108 Cal. App. 93, 96 [291 Pac. 219], the court said: "Appellant's difficulty is that he never looked to his left at any time. . . . " In *Solko* v. *Jones,* 117 Cal. App. 372 [3 Pac. (2d) 1028], plaintiff's actions savored of gross negligence. At page 378 the court said: "Upon analysis, appellant's argument in this behalf is to the effect that it was easier and more direct to make the crossing direct than it was to make it in compliance with the statute. . . . The turning of his automobile, as he did, directly and suddenly across the street immediately in front of defendant's oncoming automobile, was an act of rashness, which even in the absence of the statute constituted gross negligence and an utter disregard for the safety of himself, the plaintiff or the defendant." In *Young* v. *Cerrato,* 2 Cal. App. (2d) 421 [37 Pac. (2d) 1063], a left-hand turn was made without giving any signal of intention to turn.

The judgment is reversed.

Peters, P. J., and Knight, J., concurred.

A petition for a rehearing was denied November 24, 1941, and respondents' petition for a hearing by the Supreme Court was denied December 22, 1941.