L. W. MAHAN, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF ROBERT MAHAN, DECEASED; LARRY TAYLOR; CECIL E. CLUFF, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF PHILLIP CLUFF, DECEASED, APPELLANTS, *v.* MAX HAFEN, RESPONDENT.

No. 4254

April 25, 1960          351 P.2d 617

(Petition for rehearing denied May 17, 1960.)

*Foley Brothers,* of Las Vegas, for Appellants L. W. Mahan and Cecil E. Cluff.

*Earl and Earl,* of Las Vegas, for Appellant Larry Taylor.

*Morse, Graves and Compton* and *James H. Phillips,* of Las Vegas, for Respondent.

## OPINION

By the Court, McNAMEE, C. J.:

This is an appeal from a judgment on a jury verdict in favor of respondent. Two actions for wrongful death and one for personal injuries, all resulting from the same mishap and each based on a charge of negligence, were consolidated for trial in the court below.

On December 12, 1956 six college students were traveling on U. S. Highway 91 from Provo, Utah, to their homes in Los Angeles, California, for Christmas vacation. As they were motoring along in an automobile owned by the father of the driver, Joan Sperry, at a point approximately one mile southwest of Mesquite, Nevada, they ran into the rear end of a truck being driven by respondent which was loaded with bales of hay. Respondent at the moment of collision was leaving the highway on the left thereof and entering a side road. The accident happened during daylight. As a result of the collision Joan Sperry and two other passengers were killed. Plaintiffs below were a surviving passenger, Larry Taylor, and the legal representatives of said two other passengers. Joan Sperry's personal representative was not a party to the action.

One of the errors assigned by appellants was the failure of the trial court to grant their motion for judgment notwithstanding the verdict or in the alternative a new trial. It is their contention that the evidence shows without conflict that respondent was negligent in that he failed to give a left-hand signal 300 or more feet before commencing to turn, that he failed to look to the rear immediately before making the turn, and that he was in the process of cutting the corner of the intersection at the time of the collision, the first two alleged acts of negligence being in violation of state law. Respondent on the other hand contends that these as well as the question of proximate cause were all factual questions based on conflicting evidence, and thus the conclusion of the jury in favor of respondent cannot be set aside on appeal.

The transcript of the evidence contains testimony of respondent that he did not give the signal of his intended left-hand turn (the signal was a standard mechanical arm operated by a lever on the dashboard of the truck) until he was 150 or 200 feet from the intersection, that he did not look to the rear after he gave the turn signal, and that he started his left turn some 50 to 75 feet before he reached the intersection. On the other hand the transcript discloses that respondent also testified that he was 300 or 400 feet from the turnoff when he raised the signal arm, and that thereafter when he was "100 feet, probably a little more" from the turnoff, he looked back through his rearview mirror. Oscar Abbott, a deputy sheriff who arrived at the scene shortly after the collision, testified that respondent had told him there that he had not looked back to see if a car was coming, but respondent denied making such a statement to Abbott. With respect to cutting the corner, exhibits in evidence, together with respondent's testimony in explanation thereof, created the possibility that reasonable men might differ as to whether or not respondent was making a proper turn at the time of the accident. All of the appellants' assertions of negligence on the part of

respondent became factual issues, the determination of which was solely the function of the jury.

Even if the jury considered that the respondent was negligent in one or more respects (which cannot be ascertained because of the absence of special interrogatories), nevertheless unless such negligence was a proximate cause of the accident, liability of respondent would not result. Smith v. Taylor-Button Co., 179 Wis. 232, 190 N.W. 999; Dieckmann v. Signorini, 47 Cal.App.2d 481, 118 P.2d 319. Proximate cause is any cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury complained of and without which the result would not have occurred. Rimco Realty & Inv. Corp. v. La Vigne, 114 Ind.App. 211, 50 N.E.2d 953. No liability attaches unless there is a causal connection between the negligence and the injury. Clark v. Chrishop, 72 Ida. 340, 241 P.2d 171; Smith v. Taylor-Button Co., supra.

Where two or more causes proximately contribute to the injuries complained of, recovery may be had against either one or both of the joint tort-feasors. Smith v. Payne, 85 Ga.App. 693, 70 S.E.2d 163. If the jury found that Joan Sperry and respondent were both negligent, then, to relieve respondent of liability to these appellants it must have found that Joan Sperry's negligence was the sole proximate cause of the accident. Whether respondent's negligence, if any, was a proximate cause of the accident is a factual matter regardless of whether the negligence arose by violation of statute or by ordinary negligence. Styris v. Folk, 62 Nev. 208, 209, 139 P.2d 614, 146 P.2d 782. "Negligence per se and proximate cause are two separate and distinct issues. While one is presumed as a matter of law, the other must, nevertheless, be proved as a matter of fact." Smith v. Zone Cabs, 135 Ohio St. 415, 21 N.E.2d 336, 339.

Evidence was presented to the jury that the automobile driven by Joan Sperry was going somewhere between 50 and 90 miles per hour before she applied her

brakes some 144 feet before the point of impact; that back up the road 500 feet from this point there was a highway sign indicating a T type of intersection. She attempted to pass to the left despite the said intersection sign. The six students were laughing and singing while and after passing this sign. It was daylight and the truck was plainly visible, proceeding at a speed of from 5 to 10 miles per hour.

Under this evidence we cannot say that only one inference may be drawn as appellants contend. Thus the question of whose negligence was the proximate cause of the accident, if in fact respondent was negligent, was for the jury. That as triers of the fact we might have concluded that the respondent was negligent and that his negligence was a concurring proximate cause does not permit us on appeal to set aside the jury's contrary finding. Murphy v. Murphy, 65 Nev. 264, 193 P.2d 850.

Error is assigned in the court's failure to give the following instruction:

"You are instructed that ordinary care requires that the driver of any vehicle making a left turn into an adjoining roadway must keep to the right of the center line of the highway along which he has been proceeding, until he passes the center of the adjoining roadway. Ordinary care further requires that the driver shall not commence to turn before he reaches the center of the adjoining roadway. Thus, in the exercise of ordinary care, the driver must execute a left turn so that the vehicle is entirely to the right of the center of the roadway he is entering at the time he is entering it."

It is admitted in appellants' brief that at the time of the accident there was no Nevada statute defining how turns of this type were to be made. In the absence of statute, such instruction in our opinion does not state the law with respect to turns made in rural areas where traffic conditions differ and intersecting roads more often than not vary in size and in the degree of the intersecting angle. It was a question for the jury to determine from the evidence whether respondent was making

a proper turn under the circumstances. The court properly refused to give said instruction.

Respondent submitted an instruction which the court refused to give to the effect that the law of Nevada provides that no vehicle shall at any time be driven to the left side of a roadway when approaching within 100 feet of or traversing any intersection. The court however permitted counsel in his final argument to the jury to state that such was the law, and to refer to the pertinent statute.

On direct examination Oscar Abbott, a witness for appellants, testified that in the area where the accident took place passing was not restricted. On cross-examination he was asked if it was not a fact that a Nevada statute prohibits a motorist to drive on the left-hand side of a road within 100 feet of an intersection. Being relevant to impeachment this was proper cross-examination. Appellants objected to the question only on the ground that the junction of the highway and side road was not an intersection. Thereafter, without further objection, respondent was permitted to read the said statute to the witness in the presence of the jury and to ask the witness if he were aware of said statute. Under these circumstances where the statute was already in evidence without objection, the reading of the statute to the jury during argument without objection at that time was not error which will be considered for the first time on appeal. In the absence of any objection, the trial court is not called upon to make any ruling which could be deemed excepted to under Rule 46, NRCP. Cranford v. State, 76 Nev. 113, 349 P.2d 1051.

During his argument to the jury respondent's counsel in referring to one of the attorneys for appellants stated: "Maybe he wanted to have his brother bring criminal proceedings and bring his brother in to prosecute." The brother referred to was at that time the local district attorney. Appellants contend that this statement was untrue and inflammatory, and amounted to prejudicial misconduct of counsel. Inasmuch as these remarks

were ordered stricken from the record and the jury admonished to disregard them, and respondent's counsel himself asked that they be disregarded, we fail to see that appellants were in any manner prejudiced thereby. Lawson v. Town & Country Shops, 159 Cal.App.2d 196, 323 P.2d 843.

The final assignment of error is raised in the separate brief of appellant Larry Taylor.

During the examination of L. W. Mahan, one of the appellants, after counsel had approached the bench to confer about the exhibit hereinafter mentioned, Mr. Morse, one of the attorneys for respondent stated to the court in the presence of the jury: "Your honor, with the stipulation of counsel we have the Case #86554, Department Two of the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark. It is the petition for probate of the estate of Joan Sperry, deceased. Your honor indicated that he would take judicial notice of the filing of the pleadings and we offer same in evidence." Without objection by any of the appellants the court then stated: "Judicial notice is so taken of said file." As Mr. Morse commenced to read the petition in said file, Mr. Joseph M. Foley, one of the attorneys for the appellants, other than appellant Taylor, stated: "I wonder if he could read the entire file, have the file dates." Mr. Morse then read the file date and the balance of the petition which stated in part that Mr. Foley was the petitioner; that he had been retained as an attorney by L. W. Mahan who was the father and heir at law of Robert Mahan, deceased (one of the victims of the accident) ; that L. W. Mahan had a claim for the wrongful death of his said son against the estate of Joan Sperry, deceased; that said claim resulted from the said Joan Sperry, "negligently, recklessly and carelessly, or in a manner grossly negligent" driving an automobile against a truck driven by Max Hafen and as a direct and proximate result said Robert Mahan was killed. The entire petition including the verification thereof by Joseph M. Foley was read to the jury.

The first time any of the appellants made objection to this evidence was after the verdict in the motion of appellant Taylor for a new trial based on "surprise which ordinary prudence could not have guarded against."

In view of the record we are not impressed with the merits of appellant Taylor's argument in support of his claim of surprise. His implied consent to the action of the court if not in fact his stipulation thereto must be assumed from the silence of appellant Taylor with respect to this exhibit. As to the other appellants, it appears that the taking of judicial notice of the contents of the petition and the reading of the same to the jury was with their approval if not in fact upon their stipulation.

It may well be true that said exhibit, upon proper objection, would not be competent evidence insofar as appellant Taylor's case was concerned. But as it often happens in the trial of consolidated cases that some evidence is relevant only to one of the several cases, under such circumstances it becomes incumbent upon counsel to see that such evidence is limited to the particular case to which it is legally admissible. The failure of counsel to request an instruction in such matters or otherwise to act and thereby speculate on the chance of a favorable verdict precludes him from claiming surprise after verdict of the jury. Noble v. Tweedy, 90 Cal.App.2d 738, 203 P.2d 778; Robbins v. Robbins, N.D., 70 N.W.2d 37.

As no prejudicial error appears in the record the judgment is affirmed.

BADT and PIKE, JJ., concur.