ODD KARLSEN, BALL SIGN CO., A PARTNERSHIP COMPOSED OF LYLE V. BALL AND KENNETH L. DENNIS, AND LYLE V. BALL AND KENNETH L. DENNIS, INDIVIDUALLY AND DOING BUSINESS AS BALL SIGN CO., A PARTNERSHIP, APPELLANTS, v. INGEBORG JACK AND ELLIS JACK, RESPONDENTS.

No. 4690

April 15, 1964                    391 P.2d 319

*Vargas, Dillon, Bartlett & Dixon,* and *Alex. A. Garroway,* of Reno, for Appellants.

*Eugene J. Wait, Jr.,* of Reno, for Respondents.

## OPINION

By the Court, MCNAMEE, J.:

Mrs. Jack, hereinafter called Jack, was driving her Renault automobile on the California freeway near Truckee, California. As she approached a bridge the

highway narrowed. Defendant Ball Sign Co.'s truck was parked on the right shoulder or apron of the freeway just before the bridge. Two of the sign company's employees were engaged in some painting on a nearby sign advertising a private enterprise, but at the time of the accident they were standing beside the truck. There were two concrete west lanes of the freeway in addition to the asphalt apron. The two left wheels of the parked truck were one foot from the outer concrete lane. The highway curved to the left with a descending grade to where the truck was parked. The lawful speed limit at that point was 65 miles per hour. Jack was driving in the inner lane of the two westbound lanes. Eshelman[1] was driving in the outer lane. As Eshelman approached the Ball Sign truck he cut from the outer lane into the inner lane directly in front of Jack.[2] Although Jack has no recollection of any of the events connected with the accident it appears that in attempting to avoid hitting Eshelman she cut to the right. On seeing the Ball Sign truck she cut to the left, lost control of the Renault, it turned over, and her injuries resulted. This is an action against the partners of Ball Sign Co., a partnership, and against one of its said employees to recover damages for such injuries.

The jury awarded a verdict against appellants in the sum of $24,489.56 damages in favor of Mrs. Jack and $2,000 damages to her husband for loss of consortium. Appeal is from the judgment based thereon, and from the denial of appellants' motions for judgment notwithstanding the verdict and for a new trial.

On this appeal we are not concerned with the negligence of Eshelman. The negligence of Ball Sign Co. in

---

[1] One of the defendants in the court below who is not a party to this appeal.

[2] Eshelman testified that when he saw appellants' truck parked on the shoulder of the road and the two men near the truck he veered to the left as a safety precaution.

parking the truck as it did is conceded.[3] The only question involved is whether such negligence was a proximate cause of Jack's injuries.

It is appellants' contention that as a matter of law they could not be liable; that the parking of the truck, whether a negligent act or not, could not have been a proximate cause of the accident, because they could not anticipate the wrongful conduct of Eshelman in cutting over his car in front of Jack without warning.

This contention must be rejected.

The accident having occurred in California, the California law pertaining to negligence and proximate cause is controlling. Campbell v. Baskin, 69 Nev. 108, 242 P.2d 290.

The questions of negligence and proximate cause are questions of fact for the jury in California. Parker v. City and County of San Francisco, 158 Cal.App.2d 597, 323 P.2d 108; Gerberich v. Southern California Edison Co., 5 Cal.2d 46, 53 P.2d 948.

In Fennessey v. Pacific Gas & Electric Co., 20 Cal.2d 141, 124 P.2d 51, defendant's truck was improperly parked between the curb and the safety zone for street cars. The co-defendant drove his jitney bus around the truck to the left of the safety zone and struck decedent in the pedestrian crosswalk. The court said:

[3]Cal.Veh.Code § 22520 provides:

"No person shall stop, park, or leave standing any vehicle upon a freeway to which the owners of abutting lands have no right or easement of access except:

"(a) When necessary to avoid injury or damage to persons or property.

"(b) When required by law or in obedience to a peace officer or official traffic control device.

"(c) Any person actually engaged in maintenance or construction of freeway property or any employee of a public agency actually engaged in the performance of official duties.

"(d) Any vehicle which is so disabled that it is impossible to avoid temporarily stopping and any vehicle which has been summoned to render assistance to a vehicle or person.

"(e) In locations where stopping, standing or parking is specifically permitted." The appellants did not come within any of the stated exceptions.

"The main contentions of the appellants are that the evidence proves as a matter of law that at the time of the accident they were engaged in 'emergency' work within the meaning of a municipal ordinance, but that, assuming negligence on their part, the evidence fails to show that such negligence was a proximate cause of the accident. In regard to the latter contention, it is their theory that the act of the jitney bus driver broke the chain of causation between any negligence in parking the truck and plaintiff's injuries.

\* \* \* \* \*

"Whether the parking of appellants' repair truck between the safety zone and the curb had anything to do with the swerve or turn of the jitney bus on to the first or second street car tracks, as the result of which the accident occurred, or whether the jitney driver could have averted such accident, notwithstanding that he violated the ordinance prohibiting driving to the left of a safety zone, were purely questions of fact to be determined by the jury. If the jury believed the evidence in support of respondents' theory that the parking of appellant company's car was a proximate cause of the accident, we are unable to interfere."

In Carroll v. Central Counties Gas Co., 74 Cal.App. 303, 240 P. 53, respondent contended that, if it be conceded that it was guilty of negligence in the maintenance of its pipe line, such negligence was not a proximate cause of the alleged injury, but that "the act of the automobilist who forced the car in which plaintiff was riding off the road was the proximate cause of the injury." In rejecting this contention and ordering a reversal, the court held that the defendant's negligence was continuous in its nature, existing up to the moment of the injury, and whether such negligence was a proximate cause of the accident was a factual question.

Upon a subsequent appeal (Carroll v. Central Counties Gas Co., 96 Cal.App. 161, 273 P. 875), the court said: "Even if the negligent act is succeeded by a disconnected act of negligence of another person, and which results in injury to a third person, if the original negligence was such that, in the ordinary and natural course of events,

the second negligent act should have been anticipated as reasonably likely to happen, the proximate cause of the injury may be laid in the first negligent act."

In this state negligence and proximate cause are factual matters whose determination is essentially within the province of the jury. Novack v. Hoppin, 77 Nev. 33, 359 P.2d 390; Mahan v. Hafen, 76 Nev. 220, 351 P.2d 617; Henry v. Baber, 75 Nev. 59, 334 P.2d 839.

Proximate cause involves an element of foreseeability. "Foreseeability does not mean foreseeability of the actual consequences. It simply means foreseeability in the terms of causation. If the conduct of the person sought to be charged is a substantial factor in bringing about the harm, the fact that he neither foresaw nor should have foreseen the extent or nature of the harm, or the manner in which it occurred, does not prevent him from being held liable." Parker v. City and County of San Francisco, supra.

There was substantial evidence to permit the jury to find that the negligent act of appellants in parking the truck on the shoulder of the highway under the conditions which there existed, and which conditions the jury was permitted to view, caused the respondent, after being forced to the right by Eshelman's conduct, to swerve sharply to the left in order to avoid hitting appellants' truck and thereupon to lose control of her automobile; that appellants' act created a foreseeable risk of danger and was a concurrent proximate cause of the accident.

The judgment and orders appealed from are affirmed.

BADT, C. J., and THOMPSON, J., concur.