**Tom HANLEY, Plaintiff-Appellant,**

v.

**The TRIBUNE PUBLISHING COMPANY, d/b/a The Oakland Tribune, Defendant-Appellee.**

**No. 73-2875.**

United States Court of Appeals, Ninth Circuit.

Dec. 1, 1975.

Charles L. Garner, Las Vegas, Nev., for plaintiff-appellant.

Beckley, Singleton, De Lanoy & Jemison, Las Vegas, Nev., for defendant-appellee.

## OPINION

Before MERRILL and TRASK, Circuit Judges, and JAMESON,* District Judge.

MERRILL, Circuit Judge.

By this diversity action brought in the district of Nevada, appellant, a resident and domiciliary of Nevada, seeks recovery of general damages for an alleged libel first published by defendant-appellee May 4, 1969.[1] Defendant-appellee is engaged in the publication of a newspaper in Oakland, California, and sells and distributes its publications in the state of Nevada. The complaint did not claim that special damages were suffered by the plaintiff. It failed to allege any demand by plaintiff for retraction of the alleged libel. An unusual choice of law question is presented by the appeal.

Under California statute law at the time of the publication, a plaintiff could recover no more than special damages unless correction of the alleged libel was demanded and was not forthcoming, Calif.Civil Code § 48a(1). At the time of the publication, Nevada statute law did not have such a provision. A statute to that effect had, however, been passed by the Nevada Legislature, and approved by the governor on April 14, 1969 (three weeks before the publication)[2] with an effective date of July 1, 1969 (some two months after the publication).[3]

The district court concluded that the Nevada conflict of laws rule would follow that set forth in the Restatement of the Law (Second), Conflict of Laws § 379e (Tentative Draft No. 9, 1964).[4] We agree. By this rule the law to be applied is that of the state having the most significant relationship with the parties and the communication, and ordinarily would be that of the domicil of. the plaintiff. Comment a to § 379e of the Restatement was quoted by the district court to this effect:

> In determining the state with which an issue has its most significant relationship, attention should be directed, among other things, to the kind of tort involved and to the purpose [sought] to be achieved by the relevant tort rules of the interested states.

Proceeding in accordance with this rule the court determined that the substantive law of California should apply. It stated:

> In this instance, the State of California has significant contacts with the parties and the communications. It is the state of defendant's incorporation and principal place of business. It is the state where the newspaper is composed, printed and published. The most significant factor, however, is that at the time of the publications, the Legislature of the State of Nevada had declared the public policy of this state to be identical with that of California. Chapter 310 of the [1969] Statutes of Nevada was approved by the Governor on April 14, 1969. True, under N.R.S. 218.530, the law did not become effective until July 1, 1969, but it, nevertheless, in May constituted an established announcement of the legislative purpose and intent. In this situation, it is appropriate that the law of the State of California should be selected to sustain the declared and identical public policies of both states with respect to actionable defamation.

When appellant failed, after leave, to amend his complaint to allege

---

* Honorable William J. Jameson, United States District Judge, District of Montana, sitting by designation.

1. Other allegedly defamatory articles were published in the May 6, 1969, and May 11, 1969, issues of the Oakland Tribune.

2. Chapter 310 of the 1969 Statutes of Nevada, codified in N.R.S. 41.336, 41.337.

3. Under Nevada law, laws passed by the Legislature are to take effect on July 1 following passage, unless such law specifically provides a different effective date, N.R.S. 218.530.

4. This section has now been modified and incorporated in the Restatement of the Law (Second), Conflict of Laws § 150 (1971).

special damages or demand for retraction, the court dismissed his action against the Tribune for failure to state a claim.[5] In this we feel the court erred.

■ As the district court recognized, under choice of law principles the respective substantive rules under consideration traditionally compete on the basis of the interests of the respective states with regard to the particular controversy. *Reich v. Purcell,* 67 Cal.2d 551, 63 Cal.Rptr. 31, 432 P.2d 727 (1967); *Casey v. Manson Construction and Engineering Co.,* 247 Or. 274, 428 P.2d 898 (1967). In the case of tort actions, relevant factors include the nature of the wrong that is alleged; the place where the harm was actually suffered; the place where the extent of injury can best be appraised. Restatement of the Law (Second), Conflict of Laws § 145 and Comments thereto. In cases of defamation, these factors normally would call for application of the law of the plaintiff's domicil. Restatement of the Law (Second), Conflict of Laws § 150(2). Ordinarily, it is there, if anywhere, that plaintiff can be said to enjoy a reputation; and there, if anywhere, that reputation would suffer injury by the accused writing. Restatement of the Law (Second), Conflict of Laws § 150, Comment *e* reads in part:

Rules of defamation are designed to protect a person's interest in his reputation. When there has been publication in two or more states of an aggregate communication claimed to be defamatory, at least most issues involving the tort should be determined * * * by the local law of the state where the plaintiff has suffered the greatest injury by reason of his loss of reputation. This will usually be the state of the plaintiff's domicil if the matter complained of has there been published.

In our view the contacts specified by the district court do not warrant deviation from this general rule. To give substantial weight to the fact that California is the state of defendant's incorporation and principal place of business, and in which its newspaper is published, is to undermine the generally accepted premise that the state where injury was suffered is a more appropriate choice than is the state from which the harm emanated.[6] What the court regarded as the most significant factor should not have had consideration at all; in relying on it the court misconstrued the state of Nevada policy at the critical time of publication. If deference is, as it should, to be given to Nevada's declared policy, it should be by application of Nevada law, for it is to the law of a state that we turn in order to ascertain that state's policy. At the time of publication Nevada law was contrary to that of California. Adopting California law out of deference to Nevada policy thus operated, in unjudicial fashion, to change the substantive law of Nevada so that retroactive effect was given to a statute to which the Legislature had given a fixed effective date.

We conclude that Nevada would apply the general conflicts rule that the law of the plaintiff's domicil should control, and accordingly that the substantive law of Nevada, as of the date of publication, should be applied to this action.

Reversed and remanded.

5. The writer of the article was also named as defendant and following dismissal of the action against the Tribune an order was entered under Rule 54(b) Federal Rules of Civil Procedure determining that there was no just reason for delay and directing entry of final judgment in favor of the paper.

6. The Restatement of the Law (Second), Conflict of Laws § 145, comment *e* specifically states that the place of defendant's conduct is generally of less significance in situations such as multistate defamation; the comment also indicates that the place of incorporation or business is of less importance if the interest affected is a personal one such as reputation.