Evelyn A. POINDEXTER, the surviving spouse of David A. Poindexter, on her own behalf and for and on behalf of the surviving minor children of David A. Poindexter, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 83–1782.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 1984.

Decided Nov. 5, 1984.

Kenneth P. Clancy, Leonard & Clancy, P.C., Phoenix, Ariz., for plaintiff-appellant.

Michael A. Johns, Asst. U.S. Atty., Phoenix, Ariz., for defendant-appellee.

Before WALLACE, FLETCHER, and FERGUSON, Circuit Judges.

PER CURIAM:

This is a wrongful death action under the Federal Tort Claims Act. In a previous appeal of this case, we reversed the district court's application of an Arizona statute of limitations, finding instead that 28 U.S.C. § 2401 provided the proper limitations period. *Poindexter v. United States*, 647 F.2d 34, 37 (9th Cir.1981). On remand, the district court granted summary judgment for the government on the ground that a statutory employer immunity of Arizona workmen's compensation law provided a complete defense. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

Poindexter worked for Aviation Specialties, Inc. as a copilot aboard an old B–17 modified for bombing forest fires with fire retardant chemicals. Poindexter was an Arizona resident and Aviation Specialties is an Arizona corporation doing business in Arizona. The government contracted with Aviation Specialties for an airplane and crew to bomb fires, at the government's direction, from a home base in Elko, Nevada. Aviation Specialties provided the old B–17, Poindexter, and a pilot. Under the contract, the plane and crew had to remain on one hour's notice twenty-four hours a day, seven days a week. Once on duty, they were on standby, ready to fly within ten minutes. After a shortened night's rest due to a prior flight and a long day flying from Elko on a series of bomb runs fighting a fire in Nevada, the plane crashed, killing Poindexter.

Poindexter's wife and children (the heirs) sued the United States in Arizona under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), on the theory that the government's agents breached a duty to Poindexter as a copilot to insure that his pilot not fly when fatigued. The district court, however, found the government immune from suit as a statutory employer under Arizona workmen's compensation law. According to the district court, Arizona law applied because the heirs had received death benefits in Arizona. The district court did not reach any other issues.

In reviewing a summary judgment, we view the evidence in the light most favorable to the party against whom the district court granted judgment, and determine whether the district court correctly

found that no genuine issue of material fact existed and that the prevailing party was entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see, e.g., Sawyer v. County of Sonoma*, 719 F.2d 1001, 1003 n. 2 (9th Cir.1983). Under 28 U.S.C. § 1346(b), a private party may recover for wrongful death caused by the government's negligent act or omission "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." "The law" referred to is "the whole law of the State where the act or omission occurred," and includes that state's conflict of laws principles. *Richards v. United States*, 369 U.S. 1, 11, 82 S.Ct. 585, 592, 7 L.Ed.2d 492 (1962) (*Richards*).

■ The district court applied Arizona substantive law to the statutory employer issue because the heirs had already received death benefits under Arizona workmen's compensation law. We disagree with this analysis. Clearly, the whole law of Nevada applies to this lawsuit under 28 U.S.C. § 1346(b). The breach of duty alleged by the heirs occurred, if at all, in Nevada. The plane, with Poindexter aboard, flew out of Elko the day of the crash; the heirs allege the government's agents in Elko should have delayed or stopped the last flight because of the pilot's fatigue. The crash occurred in Nevada.

After selecting Nevada's whole law under 28 U.S.C. § 1346(b), *Richards* requires the district court to identify Nevada's conflict of laws rules. *See* 369 U.S. at 11, 82 S.Ct. at 592. The government argues that Nevada follows the Restatement (Second), Conflict of Laws on the basis of *Hanley v. Tribune Publishing Co.*, 527 F.2d 68, 69 (9th Cir.1975) (*Hanley*). The heirs argue that the district court incorrectly interpreted the Restatement (Second), and that, regardless of what conflict analysis the district court adopted, it erred in applying Arizona law. Neither the parties nor the district court cite any Nevada cases.

*Hanley* presented "[a]n unusual choice of law question." *Id.* at 69. Without briefing from the parties on the point or citation to any state or federal precedent, we agreed with a California district judge and assumed that Nevada would follow the Restatement (Second) to choose a special damages rule in a newspaper libel case where the publisher operated in California but distributed his paper in Nevada. *See id.* On the other hand, Nevada had at one time adopted a rule for tort actions generally of *lex loci delictus. See Karlsen v. Jack*, 80 Nev. 201, 391 P.2d 319 (1964); *Campbell v. Baskin*, 69 Nev. 108, 242 P.2d 290 (1952); *Mitrovich v. Pavlovich*, 61 Nev. 62, 114 P.2d 1084 (1941); *see also Lightenburger v. Gordon*, 81 Nev. 553, 407 P.2d 728 (1965). *See generally* 2 J. Beale, *Conflict of Laws* § 377.2, at 1287 (1935); Restatement, Conflict of Laws §§ 377, 384 (1934). Recent federal cases from the District of Nevada also identify *lex loci delictus* as a Nevada tort rule in conflicts of laws. *See Cambridge Filter Corp. v. International Filter Co.*, 548 F.Supp. 1301, 1305 (D.Nev. 1982); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 358 F.Supp. 1065, 1078 (D.Nev.1973), *vacated on other grounds*, 556 F.2d 406 (9th Cir.1977).

The most recent decision of the Nevada Supreme Court concerning tort claims like those in Poindexter's case is *Tab Construction Co. v. Eighth Judicial District Court*, 83 Nev. 364, 432 P.2d 90 (1967) (*Tab*). In *Tab*, an Arizona resident working for an Arizona subcontractor but injured on a project in Nevada sued the Nevada general contractor, Tab Construction Company, for damages. Tab carried Nevada Industrial Insurance on behalf of its subcontractor's employees, so the injured employee could have received workmen's compensation. When he sued in tort instead, Tab sought a writ of prohibition against the suit, essentially claiming immunity as a statutory employer against whom workmen's compensation provided an exclusive remedy under Nevada law. *See* Nev.Rev.Stat. § 616.270 (1981). The injured employee, however, argued his action rested on Arizona law, which would allow the suit. The Nevada

Supreme Court granted the writ of prohibition, holding Nevada, not Arizona, law applicable. *See Romero v. Ten Eyck-Shaw, Inc.*, 400 F.2d 81, 82–83 (9th Cir.1968), *cert. denied*, 393 U.S. 1021, 89 S.Ct. 629, 21 L.Ed.2d 566 (1969).

We are satisfied that the district court erred in applying Arizona substantive law on the basis of the receipt by the heirs of Arizona workmen's compensation benefits. The law of Nevada applies. We remand to the district court to determine what substantive law Nevada would apply and for further proceedings applying that law.

REVERSED AND REMANDED.