**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted September 22, 2005[*]
Decided October 5, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-2501

| | |
|---|---|
| STEPHEN G. ELEK, <br>     *Plaintiff-Appellant*, | Appeal from the United States Tax Court |
| *v.* | No. 22266-04 |
| COMMISSIONER OF INTERNAL REVENUE, <br>     *Defendant-Appellee*. | |

**O R D E R**

*Pro se* plaintiff Stephen Elek elected not to file a federal tax return for 2001, resulting in a deficiency determination for approximately $45,000 in unreported income.  Elek petitioned the tax court with the single claim that the deficiencies were excise taxes.  The Commissioner moved to dismiss, and the tax court ordered Elek to file an amended petition specifying each claim of error.  In his amended petition, Elek simply reiterated his claim that the deficiencies were excise taxes and that he had not engaged in "excise-taxable" activities during 2001.  The tax

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

court dismissed the petition because Elek's amended petition failed to assign error or allege facts that would support a justiciable claim. *See* Tax Ct. R. 34(b)(4).

On appeal, Elek argues that his petition should have been construed more liberally, given both the less stringent construction accorded *pro se* filings and the dictates of notice pleading. Although *pro se* pleadings are viewed less stringently, they still must comply with both the applicable substantive and procedural rules. *Lefebvre v. Comm'r*, 830 F.2d 417, 419 (1st Cir. 1987) (per curiam). Additionally, Tax Court Rules 34(b)(4) and (5) set forth specific requirements for a valid petition, including clear and concise assignments for each alleged error committed by the Commissioner and clear and concise statements of facts on which those assignments of error are based. *See Inverworld, Ltd., v. Comm'r*, 979 F.2d 868, 876-77 (D.C. Cir. 1992). Here, the tax court apprised Elek that his petition was inadequate, ordering him to amend his petition to state with specificity each error alleged and any supporting facts. Elek, however, failed to plead sufficient facts to call into question the Commissioner's deficiency determination. *See Scherping v. Comm'r*, 747 F.2d 478, 480 (8th Cir. 1984). In any case, the tax court correctly ruled that the disputed deficiency related to income taxes, not excise taxes. As we have repeatedly stated, the code imposes a tax on all income, which includes wages and pensions. See 26 U.S.C. § 61; *Coleman v. Comm'r*, 791 F.2d 68, 70 (7th Cir. 1986). Accordingly, the decision of the tax court is AFFIRMED.